ACCEPTED
15-25-00025-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/17/2025 1:54 PM
CHRISTOPHER A. PRINE
CLERK

No. _____

FILED IN
FIFTH COURT OF APPEALS
AUSTIN, TEXAS
3/17/2025 1:54:30 PM
CHRISTOPHER A. PRINE
Clerk

# IN THE FIFTEENTH COURT OF APPEALS
## AUSTIN, TEXAS

IN RE KIMCO DEVELOPERS, INC., KD HOUSTON 1086A, INC., KIMCO REALTY SERVICES, INC., AND KIMCO REALTY CORPORATION

*Relators.*

---

Original Proceeding Arising From The
Business Court of the State of Texas, Eleventh Division
Cause No. 24-BC11A-0013
Honorable Sofia Adrogué, Judge of the Texas Business Court

---

## PETITION FOR WRIT OF MANDAMUS

---

GREENBERG TRAURIG, LLP

Roland Garcia
State Bar No. 7645250
garciar@gtlaw.com
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
T: (713) 374-3500
F: (713) 374-3505

GREENBERG TRAURIG, LLP

Elizabeth G. "Heidi" Bloch
State Bar No. 02495500
heidi.bloch@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
T: (512) 320-7200
F: (512) 320-7210

COUNSEL FOR RELATORS KIMCO DEVELOPERS, INC., KD HOUSTON 1086A, INC., KIMCO REALTY SERVICES, INC., AND KIMCO REALTY CORPORATION

## IDENTITIES OF PARTIES AND COUNSEL

### Relators

Kimco Developers, Inc., KD Houston 1086A, Inc., Kimco Realty Services, Inc., and Kimco Realty Corporation

#### Counsel for Relators

Elizabeth G. "Heidi" Bloch
State Bar No. 02495500
heidi.bloch@gtlaw.com
GREENBERG TRAURIG, LLP
300 West 6th Street, Suite 2050
Austin, Texas 78701
T: (512) 320-7200
F: (512) 320-7210

Roland Garcia
State Bar No. 7645250
garciar@gtlaw.com
GREENBERG TRAURIG, LLP
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
T: (713) 374-3500
F: (713) 374-3505

### Real Party in Interest

Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P.

#### Counsel for Real Party

Hunter M. Barrow
State Bar No. 24025240
hbarrow@andrewsmyers.com
Emily W. Miller
State Bar No. 24079527
emiller@andrewsmyers.com
Sharon McCally
State Bar No. 13356100
smccally@andrewsmyers.com

Andrew B. Bender
State Bar No. 24084290
abender@andrewsmyers.com
ANDREWS MYERS, P.C.
1885 Saint James Place, 15th Floor
Houston, Texas 77056
T: (713) 850-4200

**<u>Respondent</u>**

Hon. Sofia Adrogué
c/o Foster Baird, Staff Attorney
Kirina McNamara, Court Manager
Foster.Baird@txcourts.gov
Kirina.McNamara@txcourts.gov
TEXAS BUSINESS COURT
ELEVENTH DIVISION
301 Fannin Street
Houston, Texas 77002
T: (713) 274-1067
T: (713) 274-1625

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL.................................................ii

INDEX OF AUTHORITIES ...................................................................... vi

STATEMENT REGARDING MANDAMUS RECORD ................................ ix

STATEMENT OF THE CASE .................................................................. x

STATEMENT OF JURISDICTION...........................................................xii

PARTIES AND DEFINITIONS................................................................xiii

ISSUES PRESENTED ......................................................................... xiv

INTRODUCTION ................................................................................. 1

STATEMENT OF FACTS.......................................................................2

I.     Factual history. ......................................................................... 2

II.    Procedural history.....................................................................4

SUMMARY OF the ARGUMENT ...........................................................6

ARGUMENT AND AUTHORITIES.........................................................7

I.     A remand order is subject to mandamus relief when the Business
       Court abuses its discretion and there is no remedy by appeal.............7

II.    The Business Court abused its discretion by remanding this
       properly removed action. ...........................................................9

       A.     The Business Court has jurisdiction over this entire action,
              which is factually and legally unique from other cases
              addressing business court jurisdiction. .....................................9

              1.     The addition of a publicly traded company provides
                     the Business Court's jurisdiction.......................................9

              2.     The declaratory judgment requests also provide the
                     Business Court's jurisdiction........................................ 12

              3.     H.B. 19's commencement language supports the
                     Business Court's jurisdiction........................................ 14

                     i.     H.B. 19's commencement language. .......................15

                     ii.    Case precedent, including from this Court,
                            supports that a new lawsuit was commenced
                            with the Amended Petition naming KRC for the
                            first time..................................................................15

B. Persuasive authority and legislative history supports the Business Court's jurisdiction. ................................................. 18

 1. Removal of this case is in line with the Legislature's and Governor's goals, and the Business Court should interpret the H.B. 19, Section 8 accordingly. .................. 18

 2. Federal law would permit removal from state to federal court under similar circumstances..................... 24

C. Relators timely filed their notice of removal. .......................... 25

D. The Business Court had no discretion to remand this properly removed action falling within its jurisdiction. ........... 26

III. No adequate remedy by appeal exists. ........................................... 27

CONCLUSION AND PRAYER .................................................................. 29

RULE 52.3(j) CERTIFICATION ............................................................... 31

CERTIFICATE OF COMPLIANCE ........................................................... 31

CERTIFICATE OF SERVICE.................................................................... 32

APPENDIX ............................................................................................ 33

# INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*Braud v. Transp. Serv. Co.*,
445 F.3d 801 (5th Cir. 2006)........................................................ 24, 25

*Cameron v. Terrell & Garrett, Inc.*,
618 S.W. 2d 535 (Tex. 1981) ...............................................................13

*CSR, Ltd. v. Link*,
925 S.W.2d 591 (Tex. 1996) (orig. proceeding) .......................................8

*In re CSX Corp.*,
124 S.W.3d 149 (Tex. 2003) (per curiam) ...............................................8

*Dodd v. Savino*,
426 S.W.3d 275 (Tex. App.—Houston [14th Dist.] 2014, no pet.)...........14

*ETC Field Services, LLC v. Tema Oil & Gas Co.*,
No. 15-24-00124-CV, 2025 WL 582317 (Tex. App. (15 Dist.) Feb. 21,
2025) ..................................................................................... 27

*In re ETC Field Servs. LLC*,
No. 15-24-00131-CV, 2025 WL 582320 (Tex. App.—15th Dist., Feb.
21, 2025, orig. proceeding) ...........................................................*passim*

*In re FPWP GP LLC*,
No. 05-16-01145-CV, 2017 Tex. App. LEXIS 633 (Tex. App.—Dallas
Jan. 25, 2017, no pet.)......................................................................14

*In re Geomet Recycling LLC*,
578 S.W.3d 82 (Tex. 2019) ................................................................ 7

*Guardian Transfer & Storage, Inc. v. Behrndt*,
No. 14-14-00635-CV, 2016 Tex. App. LEXIS 3297 (Tex. App.—
Houston [14th Dist.] Mar. 31, 2016, no pet.)..........................................14

*In re Kellogg Brown & Root, Inc.*,
166 S.W.3d 732 (Tex. 2005) .............................................................. 24

*Lee v. Mission Chevrolet, Ltd.*,
No. EP-16-CV-00034-DCG, 2017 U.S. Dist. LEXIS 174858 (W.D.
Tex. 2017) ..................................................................................... 25

*Marez v. Moeck,*
  608 S.W.2d 740 (Tex. Civ. App.—Corpus Christi 1980, no writ) ............16

*Martinez v. Gonzales,*
  No. 13-14-00241-CV, 2015 WL 5626242 (Tex. App.—Corpus
  Christi–Edinburg Sept. 17, 2015, pet. denied)................................. 16, 17

*Montelongo v. Abrea,*
  622 S.W.3d 290 (Tex. 2021) ....................................................................17

*Morris v. Ponce,*
  584 S.W.3d 922 (Tex. App.–Houston [14th Dist.] 2019, no pet.)....... 16, 17

*In re Prudential Ins. Co. of Am.,*
  148 S.W.3d 124 (Tex. 2004) ...................................................................... 8

*SafeLease Ins. Servs. LLC v. Storable, Inc.,*
  2025 Tex. Bus. 6, 2025 WL 446343 (Tex. Bus. Ct. February 10,
  2025) ................................................................................................... 25, 26

*In re Synergy Glob. Outsourcing, LLC,*
  No. 15-5-00002-CV, 2025 WL 582311 (Tex. App.—15th Dist., Feb.
  21, 2025, orig. proceeding) ...................................................................... 8

**Rules**

Tex. R. Civ. P. 22 ...................................................................................... 26

Tex. R. Civ. P. 37........................................................................................17

Tex. R. Civ. P. 63 ...................................................................................... 26

Tex. R. Civ. P. 360(a)..................................................................................19

**Statutes**

28 U.S.C. § 1446(b) ................................................................................... 25

Tex. Civ. Prac. & Rem. Code § 37 .............................................................12

Tex. Civ. Prac. & Rem. Code § 37(b)..........................................................12

Tex. Civ. Prac. & Rem. Code § 37(c) ..........................................................12

Tex. Civ. Prac. & Rem. Code § 37(d)..........................................................12

Tex. Gov't Code § 25A.004 ......................................................................... 8

Tex. Gov't Code § 25A.004(b) .............................................................*passim*

Tex. Gov't Code § 25A.004(b)(1) ............................................................... 10

Tex. Gov't Code § 25A.004(b)(2) ............................................................... 10

Tex. Gov't Code § 25A.004(b)(4) ................................................................ 11

Tex. Gov't Code § 25A.004(b)(5) ............................................................... 11

Tex. Gov't Code § 25A.004(c) ............................................................ *passim*

Tex. Gov't Code § 25A.004(d) .................................................................... 12

Tex. Gov't Code § 25A.004(e) ................................................................ 6, 12

Tex. Gov't Code § 25A.006(d) ............................................................... 8, 26

Tex. Gov't Code § 25A.006(f)(1) ......................................................... 25, 26

Tex. Gov't Code § 25A.006(g) .................................................................... 26

Tex. Gov't Code § 25A.016 ........................................................................ 19

**Other Authorities**

Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 8 .............................. *passim*

Texans for Lawsuit Reform Foundation, The Case for Specialized
Business Courts in Texas
https://www.tlrfoundation.org/foundation_papers/the-case-for-
specialized-business-courts-in-texas/ .................................................... 22

**STATEMENT REGARDING MANDAMUS RECORD**

Relators are separately filing a sworn mandamus record in support of this petition for writ of mandamus. Tex. R. App. P. 52.7(a)(1). References to the mandamus record, which is consecutively paginated, are in the form "MR[Page#]." Selected materials from the mandamus record are attached in the Appendix to this petition as required or appropriate. Tex. R. App. P. 52.3(k). References to exhibits in the Appendix are in the form "App. ___."

The trial court held a hearing on December 5, 2024, on the motion giving rise to the ruling at issue. Although no testimony was adduced at the December 5th hearing and the transcript is not necessary for this proceeding pursuant to Tex. R. App. P. 52.7(a)(2), the transcript is included in the mandamus record for the court's convenience. MR 878-926.

# STATEMENT OF THE CASE[1]

| | |
|---|---|
| *Nature of the Case*: | On September 20, 2024, Real Party in Interest, Cypress, first sued Relator Kimco Realty Corporation (a publicly traded company, NYSE: KIM) in the 11th District Court of Harris County, Texas, bringing claims for declaratory judgment, conspiracy, vicarious liability, and veil-piercing/alter ego arising out of a dispute concerning an accounting adjustment under a Limited Partnership Agreement. Cypress (the Class A Limited Partner) previously had sued Relators Kimco Developers, Inc. (the Class A Limited Partner) and KD Houston 1086A, Inc. (the General Partner), alleging breach of contract, breach of fiduciary duty, and sought a declaratory judgment in connection with the General Partner's accounting adjustments to reflect the proper accounting of the amounts the Class A Limited Partner and the General Partner contributed to the Limited Partnership. That case was filed before September 1, 2024, in the 11th District Court of Harris County, Texas, Honorable Kristen Hawkins presiding. After Cypress additionally sued Kimco Realty Corporation and Relator Kimco Realty Services, Inc. on September 20, 2024, via its Third Amended Petition, expanding the claims against the other defendants/Relators to include, inter alia, a charge of conspiracy concerning the Limited Partnership Agreement as well, Relators timely removed the action to the Texas Business Court on October 14, 2024. |
| *Respondent:* | Hon. Sofia Adrogué<br>Texas Business Court<br>Eleventh Division<br>301 Fannin Street<br>Houston, Texas 77002 |

[1] Capitalized terms not previously defined are defined below.

| | |
|---|---|
| *Business Court Proceeding*: | Cypress moved to remand the action, challenging the Business Court's jurisdiction. |
| *Respondent's Action:* | The Business Court's Opinion and Order signed on February 25, 2025, granted Cypress' motion to remand and ordered the suit be remanded to the 11th District Court of Harris County, Houston, Texas. **App. A**. |

## STATEMENT OF JURISDICTION

This Court has the power to grant the writ of mandamus sought in this petition under article V, section 6 of the Texas Constitution, sections 22.220(d)(3), 22.221(c-1), and 25A.007(A) of the Texas Government Code and Rule 52 of the Texas Rules of Appellate Procedure. *See* Tex. Gov't Code § 22.221(c-1) ("The original jurisdiction of the Court of Appeals for the Fifteenth Court of Appeals District to issue writs is limited to writs arising out of matters over which the court has exclusive intermediate appellate jurisdiction under Section 22.220(d)."); § 22.220 ("The Court of Appeals for the Fifteenth Court of Appeals District has exclusive intermediate appellate jurisdiction over the following matters arising out of or related to a civil case: . . . (3) any other matter as provided by law."); § 25A.007(A) ("[T]he Fifteenth Court of Appeals has exclusive jurisdiction over an appeal from an order or judgment of the business court or an original proceeding related to an action or order of the business court.").

As required by the General Operating Procedures of the Fifteenth Court of Appeal's Procedure on Original Proceedings, the above provisions provide the Fifteenth Court of Appeals with exclusive jurisdiction of this matter as an original proceeding related to an order of the Texas Business Court.

## PARTIES AND DEFINITIONS

| | |
|---|---|
| Amended Petition | Cypress' amended petition adding KRC, a publicly traded company, as a party on September 20, 2024 |
| Class A Limited Partner | Relator Kimco Developers, Inc. |
| Class B Limited Partner | Cypress Towne Center, LTD. |
| Cypress | Real Party in Interest—Cypress Towne Center, LTD. (Class B Limited Partner) individually and on behalf of Kimco 290 Houston II, L.P.[2] |
| General Partner | Relator KD Houston 1086A, Inc. |
| KRC | Relator Kimco Realty Corporation, a publicly traded company |
| KRS | Relator Kimco Realty Services, Inc. |
| Limited Partnership | Kimco 290 Houston II, L.P. |
| LPA | Limited Partnership Agreement of Kimco 290 Houston II, L.P. |
| Order | The Business Court's Opinion and Order signed on February 25, 2025, granting Cypress' motion to remand and ordering the suit be remanded to the 11th District Court of Harris County, Houston, Texas. **App. A**. |
| Relators | Collectively Kimco Developers, Inc. (Class A Limited Partner), KD Houston 1086A, Inc. (General Partner), Kimco Realty Corporation (KRC), and Kimco Realty Services, Inc. (KRS) |

[2] Cypress filed suit both directly and derivatively on behalf of the Limited Partnership. But, as detailed in Defendants' Special Exceptions filed on October 14, 2024, Cypress lacks capacity to bring direct claims because the only purported harm it alleges is harm to the Limited Partnership. MR 470-71.

# ISSUES PRESENTED

1. Did the Business Court abuse its discretion by remanding this action to the 11th District Court of Harris County, Texas?

2. Do Relators lack an adequate appellate remedy?

## INTRODUCTION

Before September 1, 2024, there was no action pending against Kimco Realty Corporation (NYSE: KIM) in Texas. After September 1, 2024, there was an action pending against Kimco Realty Corporation in Texas. In particular, on September 20, 2024, Cyprus commenced an action against KRC for conspiracy, veil piercing, and declaratory judgment as to the meaning of a limited partnership agreement. There is no question that KRC had a right to have the claims against it heard in the Business Court. They were alleged against a publicly traded company, were brought derivatively, and concerned the governing document of the parties' partnership, which Cypress alleges KRC owns and controls. These are the exact claims that the Legislature determined are to be heard by the Business Court. But Cypress commenced the action against Kimco Realty Corporation in the 11th District Court of Harris County. Accordingly, Relators, all of which faced identical claims over which the Business Court has subject matter jurisdiction, had every right to remove the action to the Business Court.

Accordingly, this case is different from the other jurisdictional challenges that have made their way to this Court and involves a novel legal issue this Court has yet to address—the impact of a publicly traded company becoming a party to a pending action after September 1, 2024. Cypress filed

this lawsuit against some of the Relators before September 1, 2024, but added a publicly traded company, KRC, for the first time on September 20, 2024.

Under the express language of Texas Government Code § 25A.004(c), the business court acquired jurisdiction over the action on September 20, 2024, because KRC became "a party to the action" and the action is "described in Subsection (b)." Tex. Gov't Code § 25A.004(c). Other provisions of the statute, such as the one addressing declaratory relief, independently provide jurisdiction in the business court. Because the business court had jurisdiction over the action, it abused its discretion by remanding the action back to the district court.

**STATEMENT OF FACTS**

**I.     Factual history.**

The underlying dispute concerns the interpretation of the LPA of the Limited Partnership, which was established for the purpose of purchasing, developing, and owning certain real property that constitutes a portion of a shopping center commonly known as the Cypress Towne Center in Houston Texas. MR 050-52, 057-58, 437-54. General Partner and the Class A Limited Partner Relators contributed all the funds necessary to purchase, develop, and operate this portion of the shopping center, with Cypress contributing no funds as the Class B Limited Partner. MR 068-69, 486-87, 642. The

General Partner had the right at its sole option to treat the contribution of those funds as debt (G.P. Loan) or equity (Capital Contributions) under the LPA. MR 068-69, 108, 642-43.

Cypress' complaint is over the General Partner and Class A Limited Partner Relators' adjustment, in 2021, of amounts contributed by them since 2008 from a G.P. Loan to Capital Contributions in compliance with the expiration of the G.P. Loan's express three-year Term in 2008. MR 068-69, 108, 444-46. In 2021, General Partner determined that since the three-year term of the G.P. Loan had lapsed, it needed to make the adjustment to comply with the LPA. MR 488, 641-43, 889. Cypress claims the adjustment constitutes a breach of the LPA and the General Partner's and Class A Limited Partner's purported fiduciary duties. MR 447-49. Relators counter that the accounting adjustment was in furtherance of the General Partner's fiduciary duty to follow the express terms of the LPA. MR 488, 641-43, 889. Relators and Cypress seek declarations as to the propriety of the General Partner's accounting under the LPA. MR 448-49, 486-89.

Cypress further seeks relief on vicarious liability/conspiracy grounds, and on veil piercing/alter ego grounds against each of the Class A Limited Partner, KRS, and KRC. MR 449-52.

Relators further contend that Cypress has no damages flowing from the General Partner's accounting adjustment because even if Cypress prevails, the remedy will be to reverse the accounting adjustment. MR 472-73, 489. Moreover, Cypress' alleged damages are based on a hypothetical sale of the property in the future, which has not occurred. MR 472-73.

## II. Procedural history.

Cypress filed its Third Amended Petition ("Amended Petition") on September 20, 2024, in the 11th District Court of Harris County, Texas. MR 437-62. Among other changes, the Amended Petition added KRS and KRC, a company publicly traded on the New York Stock Exchange under the abbreviation "KIM," as new parties. Relators timely removed this action to the Texas Business Court's Eleventh Division, the Honorable Sofia Adrogué presiding, on October 14, 2024. MR 009-468. Relators concurrently filed Special Exceptions, And Answer, Affirmative Defenses, and Counterclaim Subject to Special Exceptions, in which Relators seek their own declaratory relief. MR 469-635.

On October 15, 2024, the Business Court ordered briefing as to the propriety of the removal and the Court's authority and jurisdiction to hear the suit. MR 638-40. Relators filed their brief on November 5, 2024, Cypress filed its brief with a motion to remand on November 12, 2024, Relators

-4-

responded to the motion to remand on November 22, 2024, and Cypress replied in support of its motion to remand on December 2, 2024. MR 641-833, 834-51, 857-68, 870-77. A hearing was held on December 5, 2024. MR 852-56, 878-926. Cypress later submitted an additional case via email, to which the court permitted Relators to respond. MR 927-36, 937, 938-42; **App. B**. On February 25, 2025, Respondent issued the Opinion and Order granting Cypress' motion to remand and ordering the matter be remanded to the district court. **App. A**.

Relators have filed a contemporaneous motion for temporary relief to stay the remand Order and the district court proceeding pending resolution of this mandamus proceeding.

## SUMMARY OF THE ARGUMENT

H.B. 19 states that, "The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024." H.B. 19; **App. C.** This Court has determined that "commence" means to bring a new lawsuit by filing a petition with the office of the clerk. *Infra*, at 15-16. Similarly, case law in Texas confirms that filing an amended petition adding new parties constitutes filing a new lawsuit. *Infra*, at 16-17.

Here, Real Party Cypress, filed its Amended Petition on September 20, 2024, naming for the first time Relators KRC, a publicly traded company, and KRS as defendants. The parties, including KRC and KRS, have competing declaratory judgment claims, and the entire action falls under this court's subject matter jurisdiction. Tex. Gov't. Code ("Code") §§ 25A.004(b)(c)(e); **App. D**. As Subsections 25A.004(c) and (e) permit removal of actions described in Subsection (b), and the Amended Petition commenced a new lawsuit against a publicly traded company as of September 20, 2024, Relators properly removed this action on October 14, 2024 from the 11th District Court of Harris County to the Texas Business Court's Eleventh Division.

The propriety of the Relators removal of the entire action is further supported by the Legislature's and Governor's goals as expressed in the

legislative history, and by the comparison to federal court removals. As the removal was timely and well-supported under the applicable statutory language, it was an abuse of discretion for the Business Court to enter its Order remanding the matter.

No adequate remedy by appeal exists, as this Court has acknowledged that mandamus relief may be appropriate when, as here, there is an improper denial of access to the Business Court despite proper jurisdictional bases. Moreover, failure to grant mandamus relief would deny a jurisdictionally appropriate case the numerous benefits that the Legislature and Governor intended the Business Court to provide, including specialized judges and written opinions.

Additionally, because this is a novel case of first impression, mandamus review will provide key guidance to litigants and courts similarly facing amendments to the initiating pleading that provide jurisdiction to the Business Court.

## ARGUMENT AND AUTHORITIES

**I.     A remand order is subject to mandamus relief when the Business Court abuses its discretion and there is no remedy by appeal.**

Mandamus relief is appropriate when (1) there has been a clear abuse of discretion by the trial court and (2) there is no adequate remedy by appeal. *In re Geomet Recycling LLC*, 578 S.W.3d 82, 91 (Tex. 2019). A trial court

commits a clear abuse of discretion when its action is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (per curiam) (quoting *CSR, Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding)). A trial court has no discretion in determining what the law is or in applying the law to the particular facts. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004).

Although the Business Court is statutorily required to remand an action if it does not have jurisdiction, it does not have discretion to misapply the jurisdictional provisions of the Code in making such a remand. *Id.*; *see* Tex. Gov't Code §§ 25A.004, 25A.006(d); **App. C**. Moreover, the Business Court cannot remand an action to the district court unless it "does not have jurisdiction." *Id.* § 25A.006(d).

Additionally, whether the Business Court properly remanded an action based on a determination as to jurisdiction is reviewable by mandamus. *In re ETC Field Servs. LLC*, No. 15-24-00131-CV, 2025 WL 582320 (Tex. App.—15th Dist., Feb. 21, 2025, orig. proceeding) (mandamus review of whether the Business Court abused its discretion by remanding the action to the district court and whether there was an adequate remedy by appeal); *In re*

-8-

*Synergy Glob. Outsourcing, LLC*, No. 15-5-00002-CV, 2025 WL 582311 (Tex. App.—15th Dist., Feb. 21, 2025, orig. proceeding) (same).

## II. The Business Court abused its discretion by remanding this properly removed action.

### A. The Business Court has jurisdiction over this entire action, which is factually and legally unique from other cases addressing business court jurisdiction.

#### 1. The addition of a publicly traded company provides the Business Court's jurisdiction.

The Code states "[t]he business court has civil jurisdiction concurrent with district courts **in an action described by Subsection (b)** regardless of the amount in controversy **if a party to the action is a publicly traded company**." Tex. Gov't Code § 25A.004(c) (emphasis added). The precise language of Subsection (c) is different from other jurisdictional bases in that it provides jurisdiction over an entire "action" described in Subsection (b) if "a party to the action is a publicly traded company." On September 20, 2024, Cypress commenced an action against the Relators, including KRC, a publicly traded company, and seeks to hold KRC accountable for the purported damages related to Cypress' underlying breach of contract and breach of fiduciary duty claims under "Vicarious Liability & Conspiracy" and "Veil Piercing / Alter Ego" theories.

Cypress' Amended Petition also seeks declaratory relief against the Relators – including KRC – regarding the propriety of the accounting

-9-

adjustment at issue under the LPA, and Relators seek opposing declaratory relief. There is no dispute that a publicly traded company is a party to the action and to the fundamental issue regarding interpretation of the LPA.

Every dispute in this action falls within the categories enumerated in Subsection (b), thereby providing the Business Court jurisdiction over the entire action via Subsection (c) the moment Cypress commenced the action against KRC on September 20, 2024. For the first time on that date, a publicly traded company became "a party to the action" under Subsection (c), thereby giving the Business Court jurisdiction over the "action."

First, Cypress, as the Class B Limited Partner, purports to bring this action derivatively on behalf of the Limited Partnership. Tex. Gov't Code § 25A.004(b)(1) ("a derivative proceeding"). Second, this is a dispute surrounding the governing documents of an organization, specifically whether the accounting treatment of the General Partner's and Class A Limited Partner's cash contributions as determined by the General Partner was proper under LPA. Tex. Gov't Code § 25A.004(b)(2) ("an action regarding the governance, governing documents, or internal affairs of an organization"). Third, Cypress purports to bring this action on behalf of itself as an owner of the Limited Partnership, and on behalf of an organization, the Limited Partnership, against a managerial official of the organization, the

-10-

General Partner, which it alleges is owned and controlled by KRC. Tex. Gov't Code § 25A.004(b)(4) ("an action by an organization, or an owner of an organization, if the action: (A) is brought against an owner, controlling person, or managerial official of the organization; and (B) alleges an act or omission by the person in the person's capacity as an owner, controlling person, or managerial official of the organization").

Fourth, Cypress alleges the General Partner and Class A Limited Partner breached duties, including those of loyalty and good faith, owed to the Limited Partnership and Cypress because General Partner and Class A Limited Partner are owners of the Limited Partnership and because the General Partner is a managerial official of the same. Tex. Gov't Code § 25A.004(b)(5) ("an action alleging that an owner, controlling person, or managerial official breached a duty owed to an organization or an owner of an organization by reason of the person's status as an owner, controlling person, or managerial official, including the breach of a duty of loyalty or good faith").

Because Cypress commenced this action against a publicly traded company after September 1, 2024, and the action is one described in Subsection (b) on several grounds, the Business Court has jurisdiction over the action.

-11-

The express language of Subsection (c) is controlling:

> (c) The business court has civil jurisdiction concurrent with district courts in an action described by Subsection (b) regardless of the amount in controversy if a party to the action is a publicly traded company.

Tex. Gov't Code § 25A.004(c). The moment KRC became "a party to the action" on September 20, 2024—after the effective date of the statute—the Business Court acquired jurisdiction over the "action," which is described by Subsection (b). Cypress chose to add a publicly traded company to the action after the effective date of the statute, thereby providing a basis for jurisdiction in the Business Court.

### 2. The declaratory judgment requests also provide the Business Court's jurisdiction.

The Code directs that "[t]he business court has civil jurisdiction concurrent with district courts in an action seeking injunctive relief or a declaratory judgment under Chapter 37, Civil Practice and Remedies Code, involving a dispute based on a claim within the court's jurisdiction under Subsection (b), (c), or (d)." *Id.*, § 25A.004(e).[3] After Cypress filed its

---

[3] There is no requirement that there be a specific amount in controversy for jurisdiction under Subsection (e), which concerns declaratory judgments, as opposed to monetary claims. This is made clear by the fact that nothing in Subsection (b) would have prevented a declaration from being filed under that Subsection. But the Legislature nonetheless separately included Subsection (e), permitting actions for declaratory relief to be heard, without mention of an amount in controversy, so long as such action is based on a claim within the Court's jurisdiction under Subsection (b), (c), or (d) (which exists here for Subsection (b) as described above. *Supra*, at 10-11.) This is in keeping with the rules of statutory construction directing that "every word of a statute must be presumed to have

-12-

Amended Petition on September 20, 2024, which included a request for declaratory judgment, Relators, including newly added KRC and KRS, filed their own counterclaim for declaratory judgment. These were new claims by new parties, and removal was made within 30 days the Amended Petition's filing.

As noted above, the breach of contract claim, breach of fiduciary duty claim, and requests for relief, including declaratory judgment, all fall under Subsection (b). That is because: (a) Cypress purports to bring an action derivatively and individually against the General Partner, a managerial official of the Limited Partnership, and Class A Limited Partner; (b) the action concerning the propriety of the accounting adjustments centers around an organization's governing document, the LPA; and (c) Cypress alleges the General Partner and Class A Limited Partner breached duties owed to the Limited Partnership and Cypress.

Because there are competing declaratory judgment requests, including from Relators KRC and KRS added as defendants for the first time on

been used for a purpose. Likewise, we believe every word excluded from a statute must also be presumed to have been excluded for a purpose." *Cameron v. Terrell & Garrett, Inc.*, 618 S.W. 2d 535, 540 (Tex. 1981) (citations omitted).

September 20, 2024, and the action is one described under Subsection (b) on several grounds, the Business Court has jurisdiction over the action.[4]

### 3. H.B. 19's commencement language supports the Business Court's jurisdiction.

Unlike other cases that have been reviewed by the Business Court and the Fifteenth Court of Appeals, the present matter is unique in that the party that instigated the action, Cypress, chose to file its Amended Petition after September 1, 2024, thereby pleading itself into the Business Court's jurisdiction. Distinct from other decisions from Business Court cases, the jurisdictional basis here was not found in an amended counterclaim or third party petition, but rather in Cypress' own Amended Petition commencing the

---

[4] The Business Court's jurisdiction over the entire action based on the declaratory judgment claims also make logical sense. Cypress seeks to hold publicly traded KRC liable by making wholly dependent claims that KRC conspired in the General Partner's accounting adjustment and is responsible for any purported damages therefrom pursuant to a veil piercing claim. However, Cypress cannot prevail against KRC, whose addition clearly provides the Business Court jurisdiction, without the court first determining the underlying claims and requests for declaratory judgment. *Dodd v. Savino*, 426 S.W.3d 275, 291 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (determining veil-piercing doctrines such as alter ego are not independent causes of action); *Guardian Transfer & Storage, Inc. v. Behrndt*, No. 14-14-00635-CV, 2016 Tex. App. LEXIS 3297 (Tex. App.— Houston [14th Dist.] Mar. 31, 2016, no pet.) (holding that "to prevail on a civil conspiracy claim, the plaintiff must show the defendant was liable for some underlying tort."); *see also*, *In re FPWP GP LLC*, No. 05-16-01145-CV, 2017 Tex. App. LEXIS 633, at *5, 8-9 (Tex. App.—Dallas Jan. 25, 2017, no pet.) (determining in a partnership agreement dispute in which both declaratory judgment and injunctive relief were sought that "[a] declaratory judgment simply declares the rights, status, or other legal relations of the parties without ordering anything to be done," and the action could not be fully resolved solely on declaratory judgment without also deciding the injunctive relief claim). By adding a publicly traded company for the first time after September 1, 2024, Cypress provided Defendants the right to invoke this Court's jurisdiction by removing the entire action, including based on the declaratory judgment claims that provide the Business Court jurisdiction.

action against a publicly traded company. Not only does case law support that a new lawsuit has been commenced in such a circumstance, but general considerations of justice support removal of the entire action.

### i. H.B. 19's commencement language.

H.B. 19, the enrolled legislation that created the Code provisions, states: "The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024." H.B. 19, § 8; **App. C**. The action commenced against the publicly traded defendant, KRC, after September 1, 2024. Moreover, there is nothing to suggest that the Business Court is barred from exercising jurisdiction over parties who were named in prior versions of Cypress' petition.

### ii. Case precedent, including from this Court, supports that a new lawsuit was commenced with the Amended Petition naming KRC for the first time.

This Court recently held the following in another mandamus proceeding: "*Commence* means to 'begin' or 'start,' and is used primarily in 'more formal associations with law and procedure, combat, divine service, and ceremony.' The Texas rules of procedure use the term in the precise context of starting a new lawsuit: 'A civil suit in the district or county court shall be *commenced* by a petition filed in the office of the clerk.'" *In re ETC Field Servs. LLC*, No. 15-24-0013-CV, at 4, 2025 WL 582320, at *2 (Tex.

App.—15th Dist., Feb. 21, 2025, orig. proceeding) (op.) (citations omitted) (determining in a distinguishable circumstance that commencement was when the action was first filed in the district court, not when the action was removed to the business court). In turn, the Order relied on *ETC*'s language quoted above to flesh out exactly what "commence" means, but the Order's conclusion is too restrictive under the current circumstances. **App. A**, ¶ 13.[5]

*ETC*'s interpretation of "commence" is in line with Relators' argument and case law. For instance, *Martinez* held that "the filing of an amended petition adding defendants, as in this case, constitutes the filing of a new lawsuit" as to the new defendants. *Martinez v. Gonzales*, No. 13-14-00241-CV, 2015 WL 5626242, at *3 (Tex. App.—Corpus Christi–Edinburg Sept. 17, 2015, pet. denied) (citing *Marez v. Moeck*, 608 S.W.2d 740, 742 (Tex. Civ. App.—Corpus Christi 1980, no writ) (stating that "if the plaintiff is mistaken as to which of two persons is liable and obtains service upon the wrong party and then subsequently amends his petition to join the proper party, such amended petition is a new lawsuit and the statute of limitations is not tolled until the plaintiff files his amended petition."); *see also Morris v. Ponce*, 584

---

[5] Notably, in making its point, the Order substitutes in certain language to attempt to illustrate its point, but it appears to misconstrue Relators' arguments as being that the removal commenced a new civil action. Relators argument is that the Petition filed on September 20, 2024 in the 11th District Court commenced a new action, not that the removal somehow commenced a new action.

S.W.3d 922, 927 (Tex. App.–Houston [14th Dist.] 2019, no pet.) (holding "an action **commences** as to each defendant when it is first named as a defendant" and that "it is well-established that '[o]rdinarily, an amended pleading adding a new party does not relate back to the original pleading.'") (citation omitted; emphasis added); *Montelongo v. Abrea*, 622 S.W.3d 290, 298 (Tex. 2021) ("We also agree with the courts that have held that an amended or supplemental petition that adds new parties or new essential factual allegations does assert a new legal action and starts a new sixty-day period as to the new parties and the new claims based on the new factual allegations).[6]

The *Martinez* and *Morris* decisions also explicitly reject another appellate court's holding interpreting Tex. R. Civ. P. 37 ("[b]efore a case is called for trial, additional parties necessary or proper parties to the suit, may be brought in"), to mean that "new parties are being added to an action that has already commenced." *Martinez*, 2015 WL 5626242, at *3-4; *Morris*, 584 S.W.3d, at 927-28.

---

[6] The Order rejects *Martinez* and *Morris* as inapposite merely because they conclude an action commences as to each defendant when it is first named in the context of a statutorily-required expert disclosure. That the overarching context of those opinions focuses on commencement as to each defendant for subsequent filing deadlines does not mean *Martinez*'s conclusion—that a new lawsuit results from an amended petition adding new defendants—is inapplicable here.

As this Court has determined "commence" to mean starting a new lawsuit, and the filing of an amended petition with the office of the clerk adding new defendants starts a new lawsuit, the removal after Cypress amended its initiating pleading for the third time to add KRC was in compliance with H.B. 19, Section 8 and the Business Court has jurisdiction over the matter.[7]

**B. Persuasive authority and legislative history supports the Business Court's jurisdiction.**

**1. Removal of this case is in line with the Legislature's and Governor's goals, and the Business Court should interpret the H.B. 19, Section 8 accordingly.**

The Business Court's and this Court's review of H.B. 19, Section 8's commencement language has served to clarify that commencement of a new civil action means commencement of a lawsuit. And as detailed above, that is just what happened here as to the publicly traded defendant. To close the doors to lawsuits that fall under this Court's jurisdiction *voluntarily*

---

[7] Notably, this argument and context is distinguishable from cases in which parties amend counterclaims and third-party petitions, and it significantly reduces or eliminates any potential gamesmanship over access to the Business Court. This conclusion focuses on the actions of the party that commenced the overarching action, and if that party commences a new action by amending its petition, that should not relate back to the prior commencement, as all dates and deadlines would not relate back. This Court itself acknowledged the difference when it stated in *ETC*: "A different case would be presented if a civil action filed in a district court were nonsuited (an 'unqualified and absolute" right under Texas law), and a new civil action commenced in the business court." *ETC*, 2025 WL 582320, at *3. There is no practical difference between nonsuiting and refiling, and the initiating party abandoning its instigating petition and refiling a new petition.

commenced after September 1, 2024 by the original initiating party, whether in the first instance or via amendment, is to close the door to exactly the matters that the Legislature and Governor envisioned this court hearing.

The Business Courts were created to reduce district court backlogs and encourage timely and consistent written rulings by the best-qualified judges to hear business disputes, all with the aim to give businesses confidence in conducting business in Texas. MR 702-833. Key excerpts from these materials are included below. Not only will resolution of this matter in the Business Court address the key underlying question that is perfectly in line with the Business Court's jurisdiction—whether the General Partner's actions in making an accounting adjustment were consistent with the LPA— but it will also ensure that Relators receive reasoned written opinions on potentially dispositive motions regarding key issues important to jurisprudence in this state, as required in the Business Court. Tex. R. Civ. P. 360(a); Tex. Gov't Code § 25A.016.

| SOURCE | QUOTED LANGUAGE / CITED MATERIALS |
|---|---|
| House Research Organization Bill Analysis, HB 19, at 9-10.<br><br>MR 707, 710-11. | **"Written opinions**. The Texas Supreme Court would be required to adopt rules pertaining to the issuance of written opinions by the business court.<br><br>. . .<br><br>**Court backlogs**. A specialty business court could help address backlogs in district court dockets across the |

| | |
|---|---|
| | state. Other cases often receive priority over business litigation, which can lead many business conflicts to remain unheard in the Texas court system for years. A business court could help to remove complex or lengthy business cases from existing court dockets, which could facilitate quicker resolutions for all cases.<br><br>**Home-state venue**. Complex business disputes concerning specific matters such as mergers and acquisitions, corporate governance, and securities issues are often unevenly distributed throughout the judicial system, which can lead to inconsistent decisions and approaches in these cases. When complex business cases are heard before a Texas court, they often require intense research by both the judge and jury as well as a lengthy judicial consideration of discovery and dismissal motions, which may be more time and resource intensive.<br><br>Some Texas businesses have chosen to have their suits heard within business court venues outside of the state to ensure that the case is addressed within a court system that is familiar with and experienced in business disputes and contract law. Establishing similar courts in Texas could produce more consistent and timely rulings and improve confidence in the state judicial system among Texas businesses." |
| House of Representatives Compilation of Public Comments, at 1, 2, 4.<br><br>MR 714-16. | Tom Ryan, Chairman and CEO, SCI, Houston TX<br><br>"I am aware that our district courts in Texas are overwhelmed. . . . Long delays in civil litigation cost Texas businesses millions of dollars in additional legal fees and delayed recoveries of their obligations."<br><br>John Ale, Texas Business Law Foundation, Houston, TX<br><br>"I've been in urban and rural courtrooms in different parts of our State where large commercial, corporate governance, and securities cases are being heard. I've |

seen good, hard-working, smart judges have to grapple with issues that they simply are not familiar with. These cases often require intense judicial consideration of discovery and dismissal motions, with much resting on reams of paper the judge must analyze rather than oral testimony. I've seen these judges have to squeeze hearings on complicated and unfamiliar issues between tort and consumer cases. These large cases clog their dockets and impede their ability to address the cases directly involving real people in their personal lives as well as delaying the commercial decisions for months and months. All parties to all these kinds of cases suffer in the speed and quality of the justice they are entitled to receive.

By contrast, I've also been involved in litigation before specialized business courts in other states, where judges rapidly dispose of complex cases, in part because they know nonsense when they see it. That keeps the wheels of business turning, which also benefits the real people who work at these companies and all of us who ultimately own these companies through our retirement and pension funds and personal investments.

This bill is not about the quality of judges. It is about specialization of judges. It's the right thing to do, just like it's the right thing where possible to have civil cases go to civil courts, criminal cases to criminal courts, etc."

Amy Perry, Senior Associate General Counsel, Finance of America Companies, Inc., Plano, TX

"I manage litigation in-house for a public company. Prior to this position, I worked at an international law firm based in Texas practicing commercial litigation. I routinely litigated cases in Delaware Chancery Court and having a designated court and judges to hear business disputes meant that our cases proceeded efficiently and with both sides trusting the judge's ability to rule.

-21-

| | |
|---|---|
| | The proposed Texas business court will improve the efficiency, consistency and predictability of business litigation by allowing judges having the experience required by HB 19, working in a statewide jurisdiction, to focus on complex business litigation exclusively." |
| House of Representatives Bill Analysis, at 1.<br><br>MR 725, 753, 756. | **<u>BACKGROUND AND PURPOSE</u>**<br><br>"C.S.H.B. 19 seeks to strengthen Texas' reputation as the best state in which to conduct business by creating a specialized business trial court to streamline resolutions of business disputes and by ensuring the court is staffed by qualified and skilled judges, ideally giving businesses confidence in Texas' legal system and encouraging them to incorporate and headquarter in Texas." (citing in the paragraph TEXANS FOR LAWSUIT REFORM FOUNDATION, THE CASE FOR SPECIALIZED BUSINESS COURTS IN TEXAS, at 17. https://www.tlrfoundation.org/foundation_papers/the-case-for-specialized-business-courts-in-texas/)<br><br>The House Committee also cited in this section to a 2007 paper, "The Case for Specialized Business Courts in Texas," which states and concludes as follows:<br><br>"Along the same lines, companies highly prize ‘predictability’ of judicial outcomes, which business courts encourage—especially in contrast to arbitration, the decisions of which lack precedential value—by repeatedly utilizing a finite number of judges and generating a body of coherent precedent. And the requirement of written trial-level opinions develops an extensive, internally coherent, and well-reasoned body of state commercial case law.<br><br>. . .<br><br>The Texas judiciary would greatly benefit from the adoption of business courts. Participants in these courts |

| | |
|---|---|
| | would be assigned judges with knowledge and expertise in both business law and effective case management. Texas could develop a centralized body of commercial precedent, which would incentivize companies to relocate to and incorporate in Texas, stimulating the state's economy. Parties would have more certainty in the application of rules and procedures and a consistency in rule enforcement, thereby encouraging earlier settlement and less litigation costs. And the rest of the Texas judiciary would be more effective with less bogged-down dockets. For these reasons, and so many more discussed herein, Texas should establish a business courts system." |
| Senate Bill Analysis, at 1.<br><br>MR 810. | **AUTHOR'S / SPONSOR'S STATEMENT OF INTENT**<br><br> . . .<br><br>H.B. 19 creates a specialized business trial court, allocates the assignment of businesses court judges to align with the state's Administrative Judicial Regions, and sets up specific jurisdictional parameters for the court. This bill is intended to streamline resolutions of business disputes and ensure the court is staffed by qualified and skilled judges, ideally giving business confidence in Texas' legal system and encouraging them to incorporate and headquarter in Texas. |
| Governor's Budget 2022-2023, at 22 – 24.<br><br>MR 829 (an excerpt of the relevant portion was previously attached, but the whole | "A Freer Texas<br><br> . . .<br><br>Supporting Free Commerce through Business Courts<br><br>Though this state is well known for its friendly business climate, Texas is one of a few states without specialized business courts. Businesses often choose to incorporate and litigate in states like Delaware so that their disputes will be resolved by judges with expertise in business law. |

| | |
|---|---|
| version can be provided on request). | By creating its own business court system, Texas will strengthen its reputation as the best state in the nation to relocate and expand business.<br><br>*I recommend the 87th Legislature approve the creation of business courts, including the court of business appeals, to ensure that complex business disputes will be heard by judges with specialized expertise and knowledge.*" (emphasis in original). |

### 2. Federal law would permit removal from state to federal court under similar circumstances.

Federal courts are persuasive authority when interpreting comparable issues in Texas. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 739 (Tex. 2005) ("Our decision today rests on state law, but it is informed by persuasive and well-reasoned federal precedent."). Federal courts here would permit removal to be pursued upon an amendment adding an additional party who solidifies the court's jurisdiction. *Braud v. Transp. Serv. Co.*, 445 F.3d 801 (5th Cir. 2006). The U.S. Court of Appeals for the Fifth Circuit is clear that "a party brought into court by an amendment, and who has, for the first time, an opportunity to make a defense to the action, has a right to treat the proceeding, as to him, as commenced by the process which brings him into court." *Id.*, at 805.

Moreover, regardless of how long ago the initial filing occurred, such an amendment provides the newly added defendant the right to remove the

case within the statutorily prescribed window after which removability was first ascertained. *Id.*, 805-06 (providing that 28 U.S.C. § 1446(b) permits removal within thirty days after the amendment from which removability may be ascertained was filed, regardless of the date the initial suit was filed); *see also Lee v. Mission Chevrolet, Ltd.*, No. EP-16-CV-00034-DCG, 2017 U.S. Dist. LEXIS 174858 (W.D. Tex. 2017) (removal proper months after an action was initially filed in state court when an amendment added a claim providing the federal court jurisdiction).

Here, too, amendment of the initial filing to commence a new action involving KRC and KRS should permit Relators to pursue the removal of the action.

## C.    Relators timely filed their notice of removal.

Notice of removal without the agreement of the opposing parties must be filed "not later than the 30th day after the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the action." Tex. Gov't Code § 25A.006(f)(1). The deadline for removal cannot begin to run until suit is filed. *SafeLease Ins. Servs. LLC v. Storable, Inc.*, 2025 Tex. Bus. 6 at ¶ 9, No. 25-BC03A-0001, 2025 WL 446343, at *2 (Tex. Bus. Ct. February 10, 2025). Moreover, the removal deadline applies to a "party," and one does not

become a "party" to a proceeding until claims are filed as to that party. *Id.*, ¶ 10. Further, and as detailed above, the commencement of a civil action refers to the instigation of a lawsuit by filing a petition with the office of the clerk, and filing an amended petition adding parties constitutes a new lawsuit because a new petition is filed with the clerk. *Supra*, at 15-17; *SafeLease*, 2025 WL 446343, ¶ 9; Tex. R. Civ. P. 22, 63.

Here, the Amended Petition was filed on September 20, 2024, adding KRS and publicly traded KRC for the first time. Relators removed the action on October 14, 2024, the same day Relators, including KRC and KRS, were forced to file their counterclaims including for declaratory judgment, and well within 30 days from the date the Amended Petition was filed with the office of the clerk and commenced a new lawsuit. Relators timely filed their Notice of Removal with thirty (30) days of the commencement of the action through the filing of the Amended Petition.

### D. The Business Court had no discretion to remand this properly removed action falling within its jurisdiction.

The Business Court was without discretion or authority to remand on the basis that it did not have jurisdiction. Removal of an action falling within the jurisdiction of the business court is a matter of right that can be exercised without the agreement of the opposing party and without hearing. Tex. Gov't Code § 25A.006(d), (f)(1), (g). The business court has no authority or

discretion to remand for any basis other than lack of jurisdiction. Tex. Gov't Code § 25A.006(d). As the Business Court has jurisdiction over the action as discussed above, and it is an abuse of discretion to misapply the law and remand a case in which the Business Court has jurisdiction, mandamus review is proper to reverse the Order remanding the action to the 11th District Court for Harris County.

## III. No adequate remedy by appeal exists.

This Court held in *ETC Field Services, LLC v. Tema Oil & Gas Co.*, No. 15-24-00124-CV, 2025 WL 582317, at *1 (Tex. App. (15 Dist.) Feb. 21, 2025), that an appeal from a remand order entered by the Business Court is not a statutorily permitted interlocutory appeal, nor is the remand order a final judgment disposing of all remaining parties claims or containing unequivocal finality language. Instead, this Court addressed the parties' arguments in the mandamus proceeding, noting as well that: "Normally, we would not address whether an adequate remedy exists if we find no abuse of discretion. But the Supreme Court has repeated twice recently that in complex cases it may be prudent for courts of appeal to address alternative issues in the interest of judicial economy, rather than having cases 'bounce back and forth . . . between levels of the court system' should the Supreme Court take a different view." *In re ETC Field Servs. LLC*, No. 15-24-0013-CV,

2025 WL 582320, at *3 (Tex. App.—15th Dist., Feb. 21, 2025, orig. proceeding) (op.) (ultimately denying the mandamus relief sought, but leaving the door open to mandamus petitions as detailed herein). This Court detailed that mandamus review may be available in this Court if: 1) the right to access the Business Court is improperly granted or denied; 2) there are case-specific reasons why the Business Court may be the appropriate venue over the district courts with concurrent jurisdiction; and 3) when there are significant rulings in exceptional cases that would permit this Court to provide helpful direction to the law that would otherwise prove elusive. *Id.*, at *4. All of those factors support mandamus review here.

The petition challenges the improper denial of access to the Business Court despite proper jurisdictional bases. Further, the present case is precisely the type of action that the Legislature and Governor envisioned benefitting from the Business Court's expediency, specialization, and required written opinions, as the baseline issue, whether the General Partner's actions in making an accounting adjustment were consistent with the LPA, is best reviewed by a judge with business litigation expertise and who will provide much-needed written opinions. The Relators should not be deprived of their proper removal and access to the specialized Business Court merely because the Order is improperly decided. Moreover, review of the

matter will provide helpful direction on a novel and unique issue of first impression, specifically how an amendment to the initiating pleading itself adding parties relates to the commencement language of H.B. 19, which will aid in resolution of future matters and increase the efficiency of the newly convened Business Courts.

Relators request that this Court take this opportunity to construe the Code and H.B. 19, Section 8 in this unique circumstance of first impression to provide much needed guidance for litigants and the newly formed Business Court.

## CONCLUSION AND PRAYER

Relators pray that the Court grant their Petition for Writ of Mandamus and order the Business Court to vacate its Order remanding the action from the Business Court of the State of Texas, Eleventh Division, to the 11th District Court of Harris County, Texas, and to deny the motion to remand. Relator prays for such further relief to which they may be entitled.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: */s/ Elizabeth G. "Heidi" Bloch*
    Elizabeth G. "Heidi" Bloch
    State Bar No. 02495500
    heidi.bloch@gtlaw.com
    300 West 6th Street, Suite 2050
    Austin, Texas 78701
    T: (512) 320-7200
    F: (512) 320-7210

    Roland Garcia
    State Bar No. 7645250
    garciar@gtlaw.com
    GREENBERG TRAURIG, LLP
    1000 Louisiana Street, Suite 6700
    Houston, Texas 77002
    T: (713) 374-3400
    F: (713) 374-3501

*Counsel for Relators Kimco Developers, Inc., KD Houston 1086A, Inc., Kimco Realty Services, Inc., Kimco Realty Corporation*

## RULE 52.3(J) CERTIFICATION

In compliance with Rule 52.3(j) of the Texas Rules of Appellate Procedure, I certify that I have reviewed the Petition for Writ of Mandamus and have concluded that every factual statement in the petition is supported by competent evidence included in the record.

*/s/ Elizabeth G. "Heidi" Bloch*
Elizabeth G. "Heidi" Bloch

## CERTIFICATE OF COMPLIANCE

This brief complies with the length limitations of TEX. R. APP. P. 9.4(i)(3) because this petition consists of 6,822 words as determined by Microsoft Word Count, excluding the parts of the petition exempted by Tex. R. App. P. 9.4(i)(1).

*/s/ Elizabeth G. "Heidi" Bloch*
Elizabeth G. "Heidi" Bloch

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Petition for Writ of Mandamus, including any and all attachments, was served on counsel of record by using the Court's e-filing system and on the Honorable Sofia Adrogué via email and mail to her Staff Attorney, Foster Baird, and her Court Manager, Kirina McNamara, on the 17th day of March, 2025, addressed as follows:

Hunter M. Barrow
State Bar No. 24025240
hbarrow@andrewsmyers.com
Emily W. Miller
State Bar No. 24079527
emiller@andrewsmyers.com
Sharon McCally
State Bar No. 13356100
smccally@andrewsmyers.com
Andrew B. Bender
State Bar No. 24084290
abender@andrewsmyers.com
ANDREWS MYERS, P.C.
1885 Saint James Place, 15th Floor
Houston, Texas 77056
T: (713) 850-4200

*Counsel for Real Party in Interest, Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P.*

Hon. Sofia Adrogué
c/o Foster Baird, Staff Attorney
Kirina McNamara, Court Manager
Foster.Baird@txcourts.gov
Kirina.McNamara@txcourts.gov
TEXAS BUSINESS COURT
ELEVENTH DIVISION
301 Fannin Street
Houston, Texas 77002
T: (713) 274-1067
T: (713) 274-1625

*Respondent*                          */s/ Elizabeth G. "Heidi" Bloch*
                                      Elizabeth G. "Heidi" Bloch

-32-

| **APPENDIX** | |
|---|---|
| **TAB** | **DOCUMENT** |
| A. | Order signed February 25, 2025 |
| B. | February 6, 2025 Email From Andrew Bender |
| C. | H.B. 19 |
| D. | Tex. Gov. Code §§ 25A.001 – 25A.020 |

# Tab A
## Order signed February 25, 2025

2025 Tex. Bus. 8



## THE BUSINESS COURT OF TEXAS
### ELEVENTH DIVISION

| | | |
|---|---|---|
| Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P., | § § § § § § | |
| *Plaintiff,* | § | |
| v. | § | Cause No. 24-BC11A-0013 |
| Kimco Realty Services, Inc., Kimco Developers, Inc., KD Houston 1086A, Inc., Kimco Realty Corporation, | § § § § | |
| *Defendants.* | § | |

═══════════════════════════

### SYLLABUS[1]

═══════════════════════════

*This opinion addresses the removability of actions to the Texas Business Court that were filed in the district court before September 1, 2024, where a publicly traded company was joined as a defendant in the underlying case after September 1, 2024, and Defendants filed an opposed notice of removal within thirty days of the publicly traded defendant's joinder. The Court concludes that it lacks subject-matter jurisdiction over this action because Section 8 of House Bill 19 limits the applicability of Texas Government Code Chapter 25A to "civil actions commenced on or after September 1, 2024."*

---

[1] The syllabus was created by court staff and is provided for the convenience of the reader. It is not part of the Court's opinion, does not constitute the Court's official description or statement, and should not be relied upon as legal authority.



## THE BUSINESS COURT OF TEXAS
### ELEVENTH DIVISION

| | | |
|---|---|---|
| Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P., | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Cause No. 24-BC11A-0013 |
| Kimco Realty Services, Inc., Kimco Developers, Inc., KD Houston 1086A, Inc., Kimco Realty Corporation, | § § § § | |
| *Defendants.* | § § | |

## OPINION AND ORDER

### I. INTRODUCTION

¶1 Before the Court is (1) the Notice of Removal by Defendants, Kimco Developers, Inc., KD Houston 1086A, Inc., Kimco Realty Services, Inc., and Kimco Realty Corporation (collectively, "Defendants") filed October 14, 2024 ("Notice of Removal" or "Notice"); (2) Defendants' Brief Supporting Removal to Texas Business Court filed November 5, 2024 ("Defendants' Initial Brief" or "Initial Brief"); (3) Plaintiff, Cypress Towne Center, Ltd.'s ("Plaintiff") Motion to Remand and Brief Regarding Jurisdiction

filed November 12, 2024 ("Motion to Remand"); (4) Defendants' Response to Plaintiff's Motion to Remand and Brief Regarding Jurisdiction filed November 22, 2024 ("Defendants' Response" or "Response"); (5) Plaintiff's Reply in Support of Plaintiff's Motion to Remand filed December 2, 2024 ("Plaintiff's Reply" or "Reply"); (6) Plaintiff's Proposed Opinion and Order filed December 5, 2024 ("Plaintiff's Proposed Opinion"); (7) Defendants' Proposed Opinion and Order filed December 23, 2024 ("Defendants' Proposed Opinion"); (8) Plaintiff's February 6, 2025 e-mail submission of the *Sebastian*[1] opinion; and (9) Defendants' Response to Plaintiff's Submission of the [*Sebastian*] Decision to This Court filed February 11, 2025 ("Defendants' *Sebastian* Brief" or "*Sebastian* Brief"). The Court held a hearing on this matter on December 5, 2024. Having considered the Parties' arguments and the relevant law, the Court **GRANTS** Plaintiff's Motion to Remand and **ORDERS** that this suit be remanded to the district court.

## II. Procedural Background

¶2      On June 16, 2022, Plaintiff commenced this action in the 11th Judicial District Court of Harris County against its partners, Kimco Developers, Inc., and KD Houston 1086A, Inc.,[2] asserting both individual and derivative claims.[3] According to Defendants, "Plaintiff's claims arise out of an accounting adjustment made by the General

---

[1] *Sebastian v. Durant*, 2025 Tex. Bus. 4, 2025 WL 394634 (Feb. 4, 2025).

[2] App. to Notice of Removal at BC APPX 000003-000018 (Plaintiff's Original Petition, filed June 16, 2022).

[3] Plaintiff's Proposed Opinion at 2; *see* Motion to Remand at 3 ("In 2021, without notice to Cypress, Kimco retroactively recharacterized its prior loans as equity investments earning a 10% preferred return. This unilateral change increased Kimco's priority return by 230 percent—from $2.1 million to nearly $7 million—effectively eliminating Cypress's partnership value while increasing Kimco's invested capital by over $2 million."); *see generally* App. to Notice of Removal at BC APPX 000003-000018 (Plaintiff's Original Petition, filed June 16, 2022); BC APPX 000127-000144 (Plaintiff's First Amended Petition, filed December 4, 2023); BC APPX 000147-000163 (Plaintiff's Second Amended Petition, filed December 11, 2023); BC APPX 000418-000439 (Plaintiff's Third Amended Petition, filed September 20, 2024).

Partner and include breach of contract, breach of fiduciary duty, declaratory relief, vicarious liability, conspiracy, piercing the corporate veil, and alter ego."[4] Since Plaintiff filed its original petition, the Parties have engaged in substantial motion practice, including a mandamus proceeding concerning net worth discovery which was resolved by the Fourteenth Court of Appeals.[5] The third trial setting in the underlying case was scheduled for March 3, 2025.[6]

¶3    On September 20, 2024, nineteen days after this Court opened for business,[7] Plaintiff filed its Third Amended Petition, adding Kimco Realty Corporation ("KRC") (a publicly traded company, NYSE: KIM) as a defendant under theories of veil piercing and alter ego liability.[8] Twenty-four days later, on October 14, 2024, Defendants filed their opposed Notice of Removal to the Texas Business Court.[9] In the Notice, Defendants state:

> Jurisdiction is proper in the 11th Business Court Division pursuant to TEX. GOV'T CODE § 25A.004(c) and (e).    Defendant Kimco Realty Corporation (NYSE: KIM) is a publicly traded company and both Plaintiff and Defendants/Counter-Plaintiffs in this action seek declaratory judgments

---

[4] Defendants' Proposed Opinion at 2.

[5] Plaintiff's Proposed Opinion at 2; *see* Notice of Opinion Distribution (filed in this Court on January 7, 2025); *In re Kimco Developers, Inc.*, No. 14-24-00361-CV, 2024 WL 5250445 (Tex. App.—Houston [14th Dist.] Dec. 31, 2024, orig. proceeding).

[6] App. to Notice of Removal at BC APPX 000414 (Order signed by Judge Hawkins, resetting trial for March 3, 2025).

[7] *See* Tex. H.B. 19, § 5, 88th Leg., R.S. (2023) ("Except as otherwise provided by this Act, the business court is created September 1, 2024.").

[8] App. to Notice of Removal at BC APPX 000418-000439 (Plaintiff's Third Amended Petition).  Of note, KRC has been mentioned in Plaintiff's pleadings since the outset of this litigation, each successive petition reading: "[KRC] is a real estate investment trust that invests in shopping centers throughout the United States.  The company's properties are generally owned and operated through various subsidiaries, such as its wholly-owned subsidiary [Kimco Developers, Inc. or KDI]."  *See id.* at BC APPX 000006 (¶ 10 in Plaintiff's Original Petition, filed June 16, 2022); BC APPX 000130 (¶ 10 in Plaintiff's First Amended Petition, filed December 4, 2023); BC APPX 000150 (¶ 10 in Plaintiff's Second Amended Petition, filed December 11, 2023); BC APPX 000421 (¶ 12 in Plaintiff's Third Amended Petition, filed September 20, 2024).

[9] In general, if all parties to an action have not agreed to remove the action, the notice of removal must be filed not later than the 30th day after the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the action. TEX. GOV'T CODE § 25A.006(f)(1); TEX. R. CIV. P. 355(c)(2)(A).

3

interpreting the Limited Partnership Agreement of Kimco 290 Houston II, LP under Chapter 37 of the Civil Practice and Remedies Code. Accordingly, this cause is removable pursuant to TEX. GOV'T CODE § 25A.006(d) and TEX. R. CIV. P. 355(a).[10]

By filing their Notice, Defendants removed the entire action from the district court, including all claims and causes of action which were initially brought prior to September 1, 2024.[11]

¶4    By its order of October 15, 2024, the Court directed the Defendants to file briefing concerning the propriety of this suit's removal to the Texas Business Court and regarding the Court's authority and jurisdiction to hear the suit. The Court set the deadline for Defendants' briefing for November 5, 2024; and ordered that Plaintiff may file any responsive brief on or before November 12, 2024.

¶5    On November 5, 2024, Defendants filed their Initial Brief. On November 12, 2024, in lieu of a response brief, Plaintiff filed its Motion to Remand. Therefore, the Court granted leave for Defendants to file their Response on November 22, 2024; and Plaintiff to file its Reply on December 2, 2024. On December 5, 2024, the day of the hearing on Plaintiff's Motion to Remand, Plaintiff filed Plaintiff's Proposed Opinion granting remand.

---

[10] Notice of Removal at ¶¶ 3-4. There has been significant argument concerning whether concurrent (TEX. GOV'T CODE § 25A.004(e)) or supplemental (TEX. GOV'T CODE § 25A.004(f)) jurisdiction would apply to certain claims in the lawsuit; and relatedly, whether certain claims are derivative or direct claims. *See* Defendants' Initial Brief at 7, n.13; Plaintiff's Motion to Remand at 9-15; Defendants' Response Brief at 6–7; Plaintiff's Reply at 2-3, n.2; Defendants' Proposed Opinion at 7-8. While the Court appreciates the Parties' comprehensive approach, the Court need not reach a resolution of this portion of the dispute because Chapter 25A does not apply to this action. *See* Analysis *infra* ¶¶ 10-15 and accompanying authorities; Plaintiff's Reply at 2-3, n.2.

[11] Defendants' Initial Brief at 4 ("Because the Petition filed on September 20, 2024, added a publicly traded company as a defendant and both Plaintiff and Defendants seek declaratory judgments by the Court as to the meaning of the LPA, the entire matter is within this Court's jurisdiction, including as to the parties against whom the action was initially brought prior to September 1, 2024.").

At the hearing, the Court granted leave for Defendants to file a proposed opinion denying remand. On December 23, 2024, Defendants filed Defendants' Proposed Opinion. On February 6, 2025, Plaintiff sent correspondence to the Court attaching the opinion in *Sebastian v. Durant*, 2025 Tex. Bus. 4, 2025 WL 394634 (Feb. 4, 2025). On February 10, 2025, Defendants moved for leave to file a brief concerning *Sebastian*, which the Court granted. On February 11, 2025, Defendants filed the *Sebastian* Brief.

### III. LEGAL STANDARD

¶6    For every judicial proceeding, "subject-matter jurisdiction must exist before we can consider the merits," and a court must examine its jurisdiction "any time it is in doubt." *Tex. Propane Gas Ass'n v. City of Houston*, 622 S.W.3d 791, 797 (Tex. 2021) (quoting *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020)); *see also Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993) ("Subject[-]matter jurisdiction is never presumed and cannot be waived."). "Whether a court has subject[-]matter jurisdiction is a question of law." *Tex. Disposal Sys. Landfill, Inc. v. Travis Cent. Appraisal Dist.*, 694 S.W.3d 752, 757 (Tex. 2024).

¶7    A Notice of Removal to the Business Court must plead facts to establish the Business Court's authority to hear the action. TEX. R. CIV. P. 355(b)(2)(A). If the Business Court does not have jurisdiction over a removed action, the Business Court shall remand the action to the court in which the action was originally filed. TEX. GOV'T CODE § 25A.006(d); TEX. R. CIV. P. 355(f)(1).

5

**A. The Court lacks subject-matter jurisdiction over the removed action because it commenced prior to September 1, 2024.**

¶8    "As with every question of statutory construction, our duty is to accurately articulate the meaning of the enacted text—here," of H.B. 19.[12] *Brown v. City of Houston*, 660 S.W.3d 749, 752 (Tex. 2023). Indeed, "H.B. 19's plain 'text is the alpha and omega of the interpretive process.'" *Energy Transfer LP v. Culberson Midstream LLC*, 2024 Tex. Bus. 1, 2024 WL 4648110, at *3 (Oct. 30, 2024) (citing *In re Panchakarla*, 602 S.W.3d 536, 541 (Tex. 2020); *BankDirect Capital Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 86 (Tex. 2017)). "When the text unambiguously answers a question, our inquiry ends." *Brown*, 660 S.W.3d at 752.

¶9    When Governor Greg Abbott signed H.B. 19 into law on June 9, 2023, the enrolled version of the Bill included two sections that are pertinent to this Opinion:

    i.   Section 1, which vests the Court with its jurisdiction, and sets forth the text of the new Chapter 25A of the Texas Government Code,[13] and

    ii.  Section 8, which states: "The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024."[14]

---

[12] In this context, as this Court has opined, the enrolled version of H.B. 19 is the binding statute enacted by the Texas Legislature. *Lone Star NGL Prod. Servs. v. Eagleclaw Midstream Ventures*, 2024 Tex. Bus. 8 at ¶ 14, n.29, 2024 WL 5202356, at *5 (Dec. 20, 2024); *see* TEX. GOV'T CODE § 311.029 (under the Code Construction Act, "the language of the enrolled bill version controls" over any subsequent printing of the statute).

[13] Tex. H.B. 19, § 1, 88th Leg., R.S. (2023) (emphasis added); *see* TEX. GOV'T CODE § 25A.004 (entitled "Jurisdiction and Powers").

[14] Tex. H.B. 19 at § 8.

¶10 After exhaustive consideration of the issue by each division of the Texas Business Court, the Fifteenth Court of Appeals recently rendered a binding opinion concerning whether the Business Court has subject-matter jurisdiction over actions commenced prior to September 1, 2024. In holding that the Business Court did not have jurisdiction over an action pending prior to September 1, 2024, the Fifteenth Court of Appeals opined: "The fundamental problem here is that if the Act [H.B. 19] were to apply to civil actions commenced both before and after the effective date, the effective date itself would be meaningless; the Act [H.B. 19] would apply to all cases everywhere all at once. We cannot construe this effective date to effectively eliminate any effective date." *In re ETC Field Servs., LLC*, No. 15-24-00131-CV, 2025 WL 582320, at *3 (Tex. App.—15th Dist., Feb. 21, 2025, orig. proceeding).

¶11 This is consistent with the Business Court's consensus interpretation of Sections 1 and 8 of H.B. 19. In essence, it is now settled that the Texas Business Court lacks subject-matter jurisdiction over actions which were commenced prior to September 1, 2024. *See Jorrie v. Charles*, 2024 Tex. Bus. 4, 2024 WL 5337409 (Nov. 7, 2024); *Winans v. Berry*, 2024 Tex. Bus. 5, 2024 WL 5337410 (Nov. 7, 2024); *Bestway Oilfield Inc. v. Cox*, 2025 Tex. Bus. 2, 2025 WL 251338 (Jan. 17, 2025); *Energy Transfer*, 2024 Tex. Bus. 1, 2024 WL 5320611. As Plaintiff accurately assessed, "[t]he Texas Legislature spoke with precision when crafting Chapter 25A's temporal scope: it applies only to 'civil actions commenced on or after September 1, 2024.'"[15] Therefore, parties to a lawsuit

---

[15] Motion to Remand at 4.

7

commenced before September 1, 2024, may not rely on Texas Government Code Chapter 25A to justify subject-matter jurisdiction in the Business Court.[16] In applying this general rule, the only operative fact is the commencement date of the action which was removed to the Business Court.[17]

¶12 Without deviation, each division of the Business Court has concluded that, under Section 8, a "civil action" commences when the original petition was filed. *See Yadav*, 2025 Tex. Bus. 7 at ¶¶ 29–30, 59, 62, 2025 WL 467645, at *6–11 (for purposes of Section 8, the removed action commenced upon the filing of Plaintiff's Original Petition, even when new claims were joined to the lawsuit after September 1, 2024); *Sebastian*, 2025 Tex. Bus. 4 at ¶¶ 20–26, 2025 WL 394634, at *3–5 (despite an attempt to remove only some of the claims in the underlying lawsuit, the relevant "civil action" in the analysis of Section 8 is the entire action, which commences on the filing of the original petition); *Osmose*, 2025 Tex. Bus. 3 at ¶¶ 15–30, 2025 WL 370681, at *3–5 (within the context of Section 8, the commencement date for an action is the date on which the original petition was filed, not the date on which discrete claims are made against various parties); *Jorrie*, 2024 Tex. Bus. 4 at ¶ 12, 2024 WL 5337409, at *2 (under Section 8, the relevant action

---

[16] *Lone Star*, 2024 Tex. Bus. 8 at ¶ 19, 2024 WL 5202356, at *7.

[17] Each division of the Business Court relies entirely on the commencement date of the removed action to determine whether Section 8 requires remand. *See Energy Transfer*, 2024 Tex. Bus. 1, 2024 WL 5320611; *Synergy Global Outsourcing, LLC v. Hinduja Global Solutions, Inc.*, 2024 Tex. Bus. 2, 2024 WL 5337412 (Oct. 31, 2024); *Tema Oil and Gas Co. v. ETC Field Servs., LLC*, 2024 Tex. Bus. 3, 2024 WL 5337411 (Nov. 6, 2024); *Jorrie*, 2024 Tex. Bus. 4, 2024 WL 5337409; *Winans*, 2024 Tex. Bus. 5, 2024 WL 5337410; *XTO Energy, Inc. v. Houston Pipe Line Co., LP*, 2024 Tex. Bus. 6, 2024 WL 5337408 (Nov. 26, 2024); *Seter v. Westdale Asset Mgmt., Ltd.*, 2024 Tex. Bus. 7, 2024 WL 5337346 (Dec. 16, 2024); *Lone Star*, 2024 Tex. Bus. 8, 2024 WL 5337407; *Bestway*, 2025 Tex. Bus. 2, 2025 WL 251338; *Osmose Utils. Servs., Inc. v. Navarro Cnty. Electric Cooperative*, 2025 Tex. Bus. 3, 2025 WL 370681 (Jan. 31, 2025); *Sebastian*, 2025 Tex. Bus. 4, 2025 WL 394634; *Yadav v. Agrawal*, 2025 Tex. Bus. 7, 2025 WL 467645 (Feb. 11, 2025).

commenced when the original petition was filed); *Tema*, 2024 Tex. Bus. 3 at ¶¶ 14–15, 2024 WL 5337411, at *3 (the commencement date for an action under Section 8 is the date on which the original petition was filed). Plaintiff's analysis cogently articulates this point. "[U]nlike the term 'filed,' which may apply equally to suits or to causes of action within a suit, the term 'commenced' refers specifically to the initiation of a suit as a whole."[18]

¶13    To illustrate, an adaptation of the Fifteenth Court of Appeals' language in *ETC Field Services* demonstrates how the settled rule would apply in this case:

> *Commence* means to "begin" or "start," and is used primarily in "more formal associations with law and procedure, combat, divine service, and ceremony." [Texas Rule of Civil Procedure 22 uses] the term in the precise context of starting a new lawsuit: "A civil suit in the district or county court shall be *commenced* by a petition filed in the office of the clerk." This civil action was thus "commenced" in the [Harris] County district court on [June 16, 2022], not in the business court. Its removal to the business court [two] years later on September [20], 2024 . . . did not *commence* a new civil action but *continued* the previous one in a different court.[19]

¶14    Thus, Defendants appear to urge that this Court create an exception to the Business Court's settled rule, and hold that a party may remove an action which was commenced prior to September 1, 2024 if the action is subsequently amended to add a publicly traded company as a defendant after September 1, 2024.[20]    Under the facts presented here—where Defendants removed the entire action including all claims and

---

[18] Motion to Remand at 6 (citing TEX. R. CIV. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk."); TEX. R. CIV. P. 6 ("No civil suit shall be commenced . . . on Sunday."); *Straub v. Pesca Holding LLC*, 621 S.W.3d 299, 302-05 (Tex. App.—San Antonio 2021, no pet.) (distinguishing between "filed" and "commenced")).
[19] *In re ETC Field Servs.*, 2025 WL 582320, at *2 (citations omitted).
[20] *See* Defendants' Proposed Opinion at 4–5.

controversies pending prior to September 1, 2024[21]—the Court cannot justifiably deviate from the established rule.

¶15 Because the Court declines to adopt Defendants' desired exception to the established interpretation of Section 8, the rule remains simple in application. Plaintiff's Original Petition was filed in the district court on June 16, 2022.[22] Because this lawsuit was commenced before September 1, 2024, the Court holds that (i) the Defendants may not rely on Chapter 25A to justify subject-matter jurisdiction in this case; and (ii) the Court lacks subject-matter jurisdiction over the action.

**B. The post-September 1, 2024 addition of a publicly traded defendant in a pre-September 1, 2024 civil action does not affect the Court's jurisdictional analysis or the operation of Section 8.**

¶16 Defendants attempt to distinguish this case from its forebears, characterizing this as a "matter of first impression to the Business Courts regarding removal when a publicly traded company is added to an action as a defendant for the first time after September 1, 2024."[23] In support of this effort, Defendants rely on the language of Texas Government Code Sections 25A.004(b) and (c).[24] Working in tandem, and subject to the restrictions of Section 8 and H.B. 19 generally, these provisions create subject-matter

---

[21] Defendants' Response at 2 ("As Defendants *have a clear right to remove the entire action* and this Court has jurisdiction over same, Cypress' Motion should be denied and *this Court should exercise its jurisdiction to hear the entire action.*") (emphasis added).

[22] App. to Notice of Removal at BC APPX 000003–000018 (Plaintiff's Original Petition).

[23] Defendants' Proposed Opinion at 1; *see* Defendants' Response at 1 ("Cypress gives short shrift to the unique posture of this case of first impression: Cypress filed its third amended Petition after September 1, 2024, on September 20, 2024, which added a publicly traded entity for the first time and triggered the permissive right to remove this action to the Business Court, which Defendants exercised.").

[24] Defendants' Proposed Opinion at 3.

jurisdiction in the Texas Business Court over seven specific categories of action[25] (i) wherein "the amount in controversy exceeds $5 million, excluding interest, statutory and exemplary damages, penalties, attorney's fees, and court costs;" or (ii) "regardless of the amount in controversy if a party to the action is a publicly traded company." TEX. GOV'T CODE § 25A.004(b)–(c).

¶17 Defendants contend that because (i) certain claims and causes of action asserted in this case allegedly fall within these seven specific categories; and (ii) KRC, a publicly traded company, was added as a party to this action after September 1, 2024, that the Business Court has subject-matter jurisdiction over the entire action, including those claims and causes of action which pre-existed the Court.[26] However, Defendants offer no alternative construction of H.B. 19, nor do we conclude an alternative construction exists,

---

[25] These categories are as follows:

> (1) a derivative proceeding; (2) an action regarding the governance, governing documents, or internal affairs of an organization; (3) an action in which a claim under a state or federal securities or trade regulation law is asserted against: (A) an organization; (B) a controlling person or managerial official of an organization for an act or omission by the organization or by the person in the person's capacity as a controlling person or managerial official; (C) an underwriter of securities issued by the organization; or (D) the auditor of an organization; (4) an action by an organization, or an owner of an organization, if the action: (A) is brought against an owner, controlling person, or managerial official of the organization; and (B) alleges an act or omission by the person in the person's capacity as an owner, controlling person, or managerial official of the organization; (5) an action alleging that an owner, controlling person, or managerial official breached a duty owed to an organization or an owner of an organization by reason of the person's status as an owner, controlling person, or managerial official, including the breach of a duty of loyalty or good faith; (6) an action seeking to hold an owner or governing person of an organization liable for an obligation of the organization, other than on account of a written contract signed by the person to be held liable in a capacity other than as an owner or governing person; and (7) an action arising out of the Business Organizations Code.

TEX. GOV'T CODE § 25A.004(b)(1)–(7).

[26] Defendants' Response at 2 ("As Defendants have a clear right to remove the entire action and this Court has jurisdiction over same, Cypress' Motion should be denied and *this Court should exercise its jurisdiction to hear the entire action.*") (emphasis added).

11

which might indicate that the addition of a publicly traded company following September 1, 2024 affects the Court's application of Section 8.

¶18 In the legal analysis presented, Defendants rely principally on (i) two context-dependent rulings concerning the meaning of the word "commence"—*Martinez v. Gonzales*[27] and *Morris v. Ponce*[28]—and (ii) a conclusory "Construction of the Enabling Legislation."[29] Moreover, certain arguments concerning judicial efficiency, legislative history, and federal removal authority, while present in Defendants' briefing, were not utilized as primary bases for Defendants' Proposed Opinion.[30] Nevertheless, the Court will address each of these items *seriatim*.

### i. *Martinez* and *Morris* are inapposite to the analysis of Section 8's effect on the scope of the Court's subject-matter jurisdiction.

¶19 *Martinez* concerns the effective date of 2013 amendments to Texas Civil Practice & Remedies Code § 74.351(a). The pre-2013 version of Section 74.351(a) stated, in relevant part:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date *the original petition was filed*, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.[31]

---

[27] No. 13-14-00241-CV, 2015 WL 5626242 (Tex. App.—Corpus Christi–Edinburg Sept. 17, 2015, pet. denied); *see* Defendants' Proposed Opinion at 4–5.

[28] 584 S.W.3d 922 (Tex. App.—Houston [14th Dist.] 2019, pet. denied); *see* Defendants' Proposed Opinion at 4–5.

[29] Defendants' Proposed Opinion at 3 (Section entitled "Construction of the Enabling Legislation").

[30] *Compare* Defendants' Initial Brief at 8–13 (discussing "gain efficiencies" and legislative history); Defendants' Response Brief at 8 ("This action is exactly the type of case the Legislature and Governor envisioned the Business Court hearing."), *with* Defendants' Proposed Opinion.

[31] *Martinez*, 2015 WL 5626242, at *2 (quoting Act of June 17, 2005, 79th Leg. R.S., ch. 635, § 1, 2005 Tex. Sess. Law Serv. Ch. 635 (current version at Tex. Civ. Prac. & Rem. Code § 74.351(a))) (emphasis added).

The 2013 amendment reads:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date *each defendant's original answer is filed*, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.[32]

¶20   Per the Legislature's explicit statements in the 2013 amendment's enabling legislation, it "applie[d] only to an action *commenced* on or after [September 1, 2013]."[33] The plaintiffs filed their original petition containing health care liability claims prior to September 1, 2013, but on September 11, 2013, amended their petition to name two new physician defendants. The new defendants filed their answers on October 13 and 21, 2013.

¶21   Under the pre-2013 version of Section 74.351(a), the expert reports would both have been due on January 9, 2014.[34] Under the 2013 amendment, the expert reports would have been due February 10 and 18, 2014, respectively.[35] Plaintiffs served the expert reports concerning both new physician defendants on January 31, 2014.[36] Naturally, the new physician defendants moved to dismiss the claims against them for lack of timely expert reports.[37] The trial court denied the motions, and the new physician defendants appealed.[38] Affirming the trial court, the Thirteenth Court of Appeals stated, "we hold that *for purposes of section 74.351(a)*, an action *commences* when the particular defendant is named, thus triggering the applicable deadline for serving an expert report."[39]

---

[32] *Martinez*, 2015 WL 5626242, at *1 (citing TEX. CIV. PRAC. & REM. CODE § 74.351(a)) (emphasis added).
[33] *Id.*
[34] *See id.*
[35] These dates were not explicitly calculated in the *Martinez* opinion but are added here for clarity.
[36] *Id.*
[37] *Id.*
[38] *Id.*
[39] *Id.* at *4 (emphasis added).

13

¶22　In *Morris*, the Fourteenth Court of Appeals ruled on the exact same legal issue, concurring with the Thirteenth Court of Appeals.[40] In sum, both *Martinez* and *Morris* set forth a context-dependent meaning of the word "commencement"[41] where the relevant statute concerned a health care liability defendant's statutory procedural rights.

¶23　Defendants rely on *Martinez* and *Morris* to justify the assertion that "[s]ince the action was commenced against KRC after September 1, 2024, [D]efendants had the right to remove *the action* to this Court under Section 25A.006(d)."[42] However, as Defendants have made clear, it is not solely the action against KRC (*i.e.*, the arguably jurisdictional action) which Defendants removed to the Business Court, but the entire action.[43] Because the relevant sections of H.B. 19 do not prescribe any party-specific rights in this context, *Martinez* and *Morris* are inapposite.[44]

---

[40] *Morris*, 584 S.W.3d at 928 ("[W]e hold that, *for purposes of section 74.351(a)*, an action commences as to each defendant when it is first named as a defendant.") (emphasis added).

[41] *See also S & P Consulting Eng'rs, PLLC v. Baker*, 334 S.W.3d 390, 396 (Tex. App.—Austin 2011, no pet.) ("We conclude that, for purposes of the effective date of [a different section of the Texas Civil Practice and Remedies Code], an action commences when the original petition is filed. For this purpose, the action does not recommence with the filing of an amended petition even if that petition names a new defendant for the first time."). The Court is cognizant of the Parties' briefing on *S & P Consulting*; it does not need to discuss this case in depth as the rule concerning "commencement" for purposes of Section 8 has been settled by the other divisions of the Business Court. *See* Motion to Remand at 6; Defendants' Response at 4; Plaintiff's Proposed Opinion at 4; Defendants' Proposed Opinion at 4; *Sebastian* Brief at 2.

[42] Defendants' Proposed Opinion at 5 (emphasis added); *see* Defendants' Response at 3–5.

[43] Defendants' Proposed Opinion at 8 ("The Court therefore has jurisdiction over this entire action under [Chapter 25A].").

[44] *Yadav*, 2025 Tex. Bus. 7 at ¶ 75, 2025 WL 467645, at *13 ("The Court finds *Morris* . . . and *Martinez* distinguishable from the case at hand. Those cases turn on when an action commenced as to a particular party for purposes of triggering that party's rights or obligations[] . . . [and] concern whether new claims filed in an existing lawsuit constitute an action for purposes of limitations as to a particular party. Here, the determination is whether the Business Court has jurisdiction of the 'action,' not when a particular party's rights or duties were triggered.") (emphasis omitted) (footnotes omitted); *see Sebastian*, 2025 Tex. Bus. 4 at ¶ 24, 2025 WL 394634, at *4 (labeling *Martinez* and *Morris* as "nonbinding precedent," and rejecting an attempt at partial removal); *see also* Defendants' *Sebastian* Brief at 2 (discussing *Sebastian*'s analysis of *Martinez* and *Morris*). In the *Sebastian* Brief, Defendants state "The *Sebastian* court itself recognized the result would be different if the subsequent pleading created a new lawsuit. . . . A new lawsuit is exactly what *Martinez* held results from an amended petition adding defendants, which is what happened here. . . ."

**ii. Section 8 is unambiguous and applies to all parties in a civil action, independent of when a party is joined.**

¶24   Defendants do not proffer any alternative construction of Section 8 to justify their position. Instead, Defendants propose that this Court rely on the following conclusory statement:

> *Nothing* in Section 8 of House Bill 19 suggests that defendants who have actions brought against them for the first time after September 1, 2024 cannot exercise their right to have those actions heard in the Business Court just because their co-defendants had claims brought against them prior to September 1, 2024.[45]

¶25   On the contrary, as this Court has held, Section 8 of H.B. 19 unambiguously operates as a jurisdictional provision when applied to Texas Government Code Section 25A.004 (entitled "Jurisdiction and Powers"), such that no party to a civil action commenced prior to September 1, 2024 may rely on the provisions of Chapter 25A to justify subject-matter jurisdiction in the Business Court.[46]   In its current unqualified form, Section 8 uniformly applies to all parties in a civil action, independent of when a party is joined.[47]

---

Defendants' *Sebastian* Brief at 2–3. This statement does not fully reflect the *Sebastian* court's analysis. One of the primary holdings of *Sebastian* was that, for purposes of Section 8, a civil action commences with the original petition's filing, regardless of when additional parties are joined. *See Sebastian*, 2025 Tex. Bus. 4 at ¶ 22, 2025 WL 394634, at *3. Thus, under *Sebastian*, the post-September 1, 2024 joinder of new claims and parties (as occurred here in Plaintiff's Third Amended Petition) does not create a new lawsuit for purposes of Section 8. *See* Defendants' *Sebastian* Brief at 2–3 ("The *Sebastian* court itself recognized the result would be different if the subsequent pleading created a new lawsuit.").

[45] Defendants' Proposed Opinion at 3 (emphasis added).

[46] *Lone Star*, 2024 Tex. Bus. 8 at ¶ 19, 2024 WL 5202356, at *7.

[47] *See* note 17 *supra* and accompanying text. Each Business Court decision concerning Section 8 turns on one operative fact—the commencement date of the removed action. This includes the *Sebastian* decision, which concluded that a civil action commences with the original petition's filing, regardless of when additional parties are joined; and that Chapter 25A permits removal of an entire "action" rather than of individual claims. *See Sebastian*, 2025 Tex. Bus. 4, 2025 WL 394634.

### iii. Appeals to judicial economy and legislative history cannot overcome the text of H.B. 19.

¶26    In their briefs, Defendants also placed emphasis on judicial economy and the legislative history of H.B. 19.[48] These arguments cannot overcome the text of H.B. 19. It is fundamental that a focus on judicial economy cannot supersede the bedrock requirement of subject-matter jurisdiction,[49] and Texas courts "do not consider legislative history or other extrinsic aides to interpret an unambiguous statute because the statute's plain language most reliably reveals the legislature's intent."[50] As applied in this matter, Section 8 lacks ambiguity.

### iv. Defendants' comparison between the Texas Business Court's removal procedure and federal removal procedure does not account for the existence of Section 8.

¶27    Finally, in their efforts to bypass Section 8, Defendants appear to compare the Business Court's removal procedure with federal removal procedure.[51] Defendants highlight that "the federal courts [ensure] removability within 30 days after the amendment from which removability may be ascertained was filed, no matter the filing date of the initial suit."[52] In the Business Court, there is a similar procedure for the opposed removal of actions which are amended to add jurisdictional claims following the commencement of suit.[53] However, Defendants do not argue—and there does not appear to be any basis to argue—that the existence of this similar procedure somehow operates to

---

[48] Defendants' Initial Brief at 8–13; *see* Plaintiff's Reply at 2 (observing that Defendants' Chapter 25A arguments were "mutating").

[49] *Lone Star*, 2024 Tex. Bus. 8 at ¶ 26, 2024 WL 5337407, at *8.

[50] *Tex. Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 136 (Tex. 2018).

[51] *See* Defendants' Response at 5; Defendants' Proposed Opinion at 4, n.2; Defendants' *Sebastian* Brief at 3, n. 4.

[52] Defendants' *Sebastian* Brief at 3, n.4.

[53] *See* Procedural Background, *supra* note 9; TEX. GOV'T CODE § 25A.006(f)(1); TEX R. CIV. P. 355(c)(2)(A).

supersede the text of Section 8, which clearly dictates that "[t]he changes in law made by [H.B. 19]," including Chapter 25A, only "apply to civil actions commenced on or after September 1, 2024."[54] Ultimately, this comparison never coalesced with a functional legal theory which might vest the Court with subject-matter jurisdiction.

¶28    While this matter does raise new factual themes,[55] Defendants do not demonstrate how this case is legally distinguishable from any of the pre-September 1, 2024 actions which have been remanded by the Texas Business Court. Defendants removed a civil action which was pending prior to September 1, 2024. However, no party to a civil action pending prior to September 1, 2024 may utilize the provisions of Chapter 25A to justify subject-matter jurisdiction in the Business Court.[56] Therefore, the Court must remand for lack of subject-matter jurisdiction.

## V. Conclusion

¶29    Defendants have failed to establish that the Court has subject-matter jurisdiction over this case. *See* TEX. R. CIV. P. 355(b)(2)(A). As a result, the Court is required to remand this case to the district court. *See* TEX. GOV'T CODE § 25A.006(d) ("If the business court does not have jurisdiction of the [removed] action, the business court *shall* remand the action to the court in which the action was originally filed.") (emphasis added). Therefore, Plaintiff's Motion to Remand is **GRANTED** and it is **ORDERED** that

---

[54] *See* Tex. H.B. 19 at § 8; Defendants' Proposed Opinion at 4, n.2; Defendants' Response at 5.

[55] *See* Analysis, *supra* at ¶ 16; Defendants' Proposed Opinion at 1 ("This opinion addresses a matter of first impression to the Business Courts regarding removal when a publicly traded company is added to an action as a defendant for the first time after September 1, 2024.").

[56] *Lone Star*, 2024 Tex. Bus. 8 at ¶ 19, 2024 WL 5202356, at *7.

the Business Court Clerk shall remand this cause to the 11th Judicial District Court of Harris County, Texas without delay.

SO ORDERED.

_____
Hon. Sofia Adrogué
Texas Business Court, Eleventh Division

DATED: February 25, 2025

# Tab B
## February 6, 2025 Email From Andrew Bender

**Archived:** Thursday, March 6, 2025 2:37:18 PM
**From:** Andrew Bender
**Mail received time:** Thu, 6 Feb 2025 15:04:06
**Sent:** Thu, 6 Feb 2025 15:00:25
**To:** Foster Baird Kirina McNamara
**Cc:** Hunter Barrow Sharon McCally Stibbe, Paul F. (Shld-CHI-LT) Emily Miller Powers, Rita (Shld-Chi-LT) Jeruchimowitz, Howard (Shld-Chi-LT) Bloch, Heidi (Shld-AUS-App) Sanchez, Stephanie (LSS-Hou-LT) Jamrok, Gail (Para-Hou-BKY-LT) Garcia, Roland (Shld-Hou-LT)
**Subject:** RE: 24-BC11A-0013, Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P. v. Kimco Realty Services, Inc. et al.
**Importance:** Normal
**Sensitivity:** None
**Attachments:**
25-bc11a-0001.pdf

---

Good morning, Ms. McNamara and Mr. Foster.

Attached is the most recent Business Court opinion interpreting the statutory text implicated by the parties'? jurisdictional briefing.

We respectfully request that you provide this opinion to the Court for its consideration.

Thank you,

**Andrew B. Bender**
Shareholder

Andrews Myers | Attorneys at Law
Houston | Austin

1885 Saint James Place, 15th Floor
Houston, Texas 77056
713.751.2330

BOARD CERTIFIED | CIVIL APPELLATE LAW | TEXAS BOARD OF LEGAL SPECIALIZATION

CONFIDENTIALITY NOTICE: Andrews Myers is a law firm. This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited.

---

**From:** Foster Baird <Foster.Baird@txcourts.gov>
**Sent:** Tuesday, January 7, 2025 7:26 PM
**To:** GarciaR@gtlaw.com; Kirina McNamara <Kirina.McNamara@txcourts.gov>
**Cc:** Hunter Barrow <HBarrow@andrewsmyers.com>; Paul.Stibbe@gtlaw.com; Emily Miller <EMiller@andrewsmyers.com>; powersr@gtlaw.com; Jeruchimowitzh@gtlaw.com; Heidi.Bloch@gtlaw.com; Stephanie.Sanchez@gtlaw.com; Sharon McCally <smccally@andrewsmyers.com>; Stephanie.Sanchez@gtlaw.com; Andrew Bender <abender@andrewsmyers.com>; JamrokG@gtlaw.com

**Subject:** RE: 24-BC11A-0013, Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P. v. Kimco Realty Services, Inc. et al.

Mr. Garcia:

The Court wishes to confirm receipt.

Thank you, and happy new year.



**Foster K. Baird**
Staff Attorney, Texas Business Court Eleventh Division
Judge Sofía Adrogué? Presiding
301 Fannin Street, Houston, Texas 77002
Phone: (713) 274-1067
*foster.baird@txcourts.gov*
*https://www.txcourts.gov/businesscourt/*

---

**From:** GarciaR@gtlaw.com <GarciaR@gtlaw.com>
**Sent:** Tuesday, January 7, 2025 1:13 PM
**To:** Kirina McNamara <Kirina.McNamara@txcourts.gov>; Foster Baird <Foster.Baird@txcourts.gov>
**Cc:** HBarrow@andrewsmyers.com; Paul.Stibbe@gtlaw.com; EMiller@andrewsmyers.com; powersr@gtlaw.com; Jeruchimowitzh@gtlaw.com; Heidi.Bloch@gtlaw.com; Stephanie.Sanchez@gtlaw.com; smccally@andrewsmyers.com; Stephanie.Sanchez@gtlaw.com; abender@andrewsmyers.com; JamrokG@gtlaw.com
**Subject:** RE: 24-BC11A-0013, Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P. v. Kimco Realty Services, Inc. et al.

> CAUTION: This email originated from outside of the Texas Judicial Branch email system.
> DO NOT click links or open attachments unless you expect them from the sender and know the content is safe.

Hello Ms. McNamara and Mr. Foster:

At the December 5, 2024 hearing, there was mention of the then-pending petition for writ of mandamus in this matter. Because it was mentioned, we wanted to inform the Business Court that the 14th Court of Appeals has resolved that discovery issue and has conditionally granted Defendants'? petition for writ of mandamus, overruling the district court order, which had granted the Plaintiff'?s motion to conduct net worth discovery. A courtesy copy of the notice and the Memorandum Opinion are attached. We will be filing the attached notice in the docket of this matter.

Thank you,

**Roland Garcia**
Shareholder

Greenberg Traurig, LLP
1000 Louisiana Street | Suite 6700 | Houston, TX 77002
T +1 713.374.3510  |  F +1 713.374.3505  |  C +1 713.598.6284
GarciaR@gtlaw .com  |  w w w .gtlaw .com  |  View GT Biography



**From:** Kirina McNamara <Kirina.McNamara@txcourts.gov>
**Sent:** Monday, December 23, 2024 4:04 PM
**To:** Jamrok, Gail (Para-Hou-BKY-LT) <JamrokG@gtlaw.com>; Garcia, Roland (Shld-Hou-LT) <GarciaR@gtlaw.com>; Foster Baird <Foster.Baird@txcourts.gov>
**Cc:** HBarrow@andrewsmyers.com; Stibbe, Paul F. (Assoc-CHI-LT) <Paul.Stibbe@gtlaw.com>; EMiller@andrewsmyers.com; Powers, Rita (Shld-Chi-LT) <powersr@gtlaw.com>; Jeruchimowitz, Howard (Shld-Chi-LT) <Jeruchimowitzh@gtlaw.com>; Bloch, Heidi (Shld-AUS-App) <Heidi.Bloch@gtlaw.com>; Sanchez, Stephanie (LSS-Hou-LT) <Stephanie.Sanchez@gtlaw.com>; smccally@andrewsmyers.com; Stibbe, Paul F. (Assoc-CHI-LT) <Paul.Stibbe@gtlaw.com>; Powers, Rita (Shld-Chi-LT) <powersr@gtlaw.com>; Jeruchimowitz, Howard (Shld-Chi-LT) <Jeruchimowitzh@gtlaw.com>; Bloch, Heidi (Shld-AUS-App) <Heidi.Bloch@gtlaw.com>; Sanchez, Stephanie (LSS-Hou-LT) <Stephanie.Sanchez@gtlaw.com>; abender@andrewsmyers.com
**Subject:** RE: 24-BC11A-0013, Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P. v. Kimco Realty Services, Inc. et al.

The binders have been received. Thank you, all!

The Court and staff wish you all a wonderful holiday season!

Respectfully,



**Kirina McNamara**
**Court Manager**
Texas Business Court Eleventh Division
Judge Sofí?a Adrogué? Presiding

301 Fannin, 5th Floor, Houston, Texas 77002
(713) 274-1066 (direct)
(512) 463-1625 (main)
https://www.txcourts.gov/businesscourt/
Court Correspondence to: BCDivision11A@txcourts.gov

---

**From:** JamrokG@gtlaw.com <JamrokG@gtlaw.com>
**Sent:** Monday, December 23, 2024 3:29 PM
**To:** Kirina McNamara <Kirina.McNamara@txcourts.gov>; GarciaR@gtlaw.com; Foster Baird <Foster.Baird@txcourts.gov>
**Cc:** HBarrow@andrewsmyers.com; Paul.Stibbe@gtlaw.com; EMiller@andrewsmyers.com; powersr@gtlaw.com; Jeruchimowitzh@gtlaw.com; Heidi.Bloch@gtlaw.com; Stephanie.Sanchez@gtlaw.com; smccally@andrewsmyers.com; Paul.Stibbe@gtlaw.com; powersr@gtlaw.com; Jeruchimowitzh@gtlaw.com; Heidi.Bloch@gtlaw.com; Stephanie.Sanchez@gtlaw.com; abender@andrewsmyers.com
**Subject:** RE: 24-BC11A-0013, Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P. v. Kimco Realty Services, Inc. et al.

CAUTION: This email originated from outside of the Texas Judicial Branch email system.
DO NOT click links or open attachments unless you expect them from the sender and know the content is safe.

Good afternoon,

The binder is being hand-delivered and should arrive shortly.

Thank you.

**Gail L. Jamrok**
Paralegal

Greenberg Traurig, LLP
1000 Louisiana Street | Suite 6700 | Houston, TX 77002
T +1 713.374.3592 | F +1 713.374.3505
JamrokG@gtlaw.com | www.gtlaw.com



---

**From:** Kirina McNamara <Kirina.McNamara@txcourts.gov>
**Sent:** Monday, December 23, 2024 3:24 PM
**To:** Garcia, Roland (Shld-Hou-LT) <GarciaR@gtlaw.com>; Foster Baird <Foster.Baird@txcourts.gov>
**Cc:** HBarrow@andrewsmyers.com; Stibbe, Paul F. (Assoc-CHI-LT) <Paul.Stibbe@gtlaw.com>; EMiller@andrewsmyers.com; Jamrok, Gail (Para-Hou-BKY-LT) <JamrokG@gtlaw.com>; Powers, Rita (Shld-Chi-LT) <powersr@gtlaw.com>; Jeruchimowitz, Howard (Shld-Chi-LT) <Jeruchimowitzh@gtlaw.com>; Bloch, Heidi (Shld-AUS-App) <Heidi.Bloch@gtlaw.com>; Sanchez, Stephanie (LSS-Hou-LT) <Stephanie.Sanchez@gtlaw.com>; smccally@andrewsmyers.com; Stibbe, Paul F. (Assoc-CHI-LT) <Paul.Stibbe@gtlaw.com>; Jamrok, Gail (Para-Hou-BKY-LT) <JamrokG@gtlaw.com>; Powers, Rita (Shld-Chi-LT) <powersr@gtlaw.com>; Jeruchimowitz, Howard (Shld-Chi-LT) <Jeruchimowitzh@gtlaw.com>; Bloch, Heidi (Shld-AUS-App) <Heidi.Bloch@gtlaw.com>; Sanchez, Stephanie (LSS-Hou-LT) <Stephanie.Sanchez@gtlaw.com>; abender@andrewsmyers.com
**Subject:** RE: 24-BC11A-0013, Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P. v. Kimco Realty Services, Inc. et al.


**\*EXTERNAL TO GT\***

Thank you, Mr. Garcia.

Please advise when the binder will be delivered.  Please be reminded that the Court is only available to receive packages today and Friday.

Respectfully,



**Kirina McNamara**
**Court Manager**
Texas Business Court Eleventh Division
Judge Sofi?a Adrogué? Presiding

301 Fannin, 5th Floor, Houston, Texas 77002
(713) 274-1066 (direct)
(512) 463-1625 (main)
https://www.txcourts.gov/businesscourt/
Court Correspondence to: BCDivision11A@txcourts.gov

---

**From:** GarciaR@gtlaw.com <GarciaR@gtlaw.com>
**Sent:** Monday, December 23, 2024 3:17 PM
**To:** Foster Baird <Foster.Baird@txcourts.gov>; Kirina McNamara <Kirina.McNamara@txcourts.gov>
**Cc:** Kirina McNamara <Kirina.McNamara@txcourts.gov>; HBarrow@andrewsmyers.com; Paul.Stibbe@gtlaw.com; EMiller@andrewsmyers.com; JamrokG@gtlaw.com; powersr@gtlaw.com; Jeruchimowitzh@gtlaw.com; Heidi.Bloch@gtlaw.com; Stephanie.Sanchez@gtlaw.com; smccally@andrewsmyers.com; Paul.Stibbe@gtlaw.com; JamrokG@gtlaw.com; powersr@gtlaw.com; Jeruchimowitzh@gtlaw.com; Heidi.Bloch@gtlaw.com; Stephanie.Sanchez@gtlaw.com; abender@andrewsmyers.com
**Subject:** RE: 24-BC11A-0013, Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P. v. Kimco Realty Services, Inc. et al.

**CAUTION: This email originated from outside of the Texas Judicial Branch email system.**
**DO NOT click links or open attachments unless you expect them from the sender and know the content is safe.**

Hello Ms. McNamara and Mr. Foster:

Attached is a copy of Defendants'? proposed Order denying the Motion to Remand, which has also been filed and e-served to all counsel of record. A Word version is also attached. We are also contemporaneously having hand-delivered to you a binder of authority cited in our briefs. As requested, an electronic copy of the binder is attached with bookmarks for each cited authority.

Mr. Bender stated in his 12-18-24 transmittal email to Ms. McNamara that he was including in Plaintiff'?s binder a copy of a new Opinion and Order to Remand issued by the First Division of the Texas Business Court. As this Opinion in the Seter v. Westdale case is new authority not previously addressed, in fairness, I note that this new Opinion is similarly distinguishable as the other tendered Business Court Opinions, as not involving either a new publicly traded party or a new request for a declaratory judgment being added after September 1, 2024.

Please let me know if you need anything else.

Thank you.


**Roland Garcia**
Shareholder

Greenberg Traurig, LLP
1000 Louisiana Street | Suite 6700 | Houston, TX 77002
T +1 713.374.3510 | F +1 713.374.3505 | C +1 713.598.6284
GarciaR@gtlaw .com | w w w .gtlaw .com | View GT Biography

 GreenbergTraurig

---

**From:** Garcia, Roland (Shld-Hou-LT)
**Sent:** Thursday, December 19, 2024 6:19 PM
**To:** 'Foster Baird' <Foster.Baird@txcourts.gov>; Kirina McNamara <Kirina.McNamara@txcourts.gov>
**Cc:** Kirina McNamara <Kirina.McNamara@txcourts.gov>; HBarrow@andrewsmyers.com; Stibbe, Paul F. (Assoc-CHI-LT) <Paul.Stibbe@gtlaw.com>; EMiller@andrewsmyers.com; Jamrok, Gail (Para-Hou-BKY-LT) <JamrokG@gtlaw.com>; Powers, Rita (Shld-Chi-LT) <powersr@gtlaw.com>; Jeruchimowitz, Howard (Shld-Chi-LT) <Jeruchimowitzh@gtlaw.com>; Bloch, Heidi (Shld-AUS-App) <Heidi.Bloch@gtlaw.com>; Sanchez, Stephanie (LSS-Hou-LT) <Stephanie.Sanchez@gtlaw.com>; smccally@andrewsmyers.com; Stibbe, Paul F. (Assoc-CHI-LT) <Paul.Stibbe@gtlaw.com>; Jamrok, Gail (Para-Hou-BKY-LT) <JamrokG@gtlaw.com>; Powers, Rita (Shld-Chi-LT) <powersr@gtlaw.com>; Jeruchimowitz, Howard (Shld-Chi-LT) <Jeruchimowitzh@gtlaw.com>; Bloch, Heidi (Shld-AUS-App) <Heidi.Bloch@gtlaw.com>; Sanchez, Stephanie (LSS-Hou-LT) <Stephanie.Sanchez@gtlaw.com>; abender@andrewsmyers.com
**Subject:** RE: 24-BC11A-0013, Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P. v. Kimco Realty Services, Inc. et al.

Confirmed, and thank you.


**Roland Garcia**
Shareholder

Greenberg Traurig, LLP
1000 Louisiana Street | Suite 6700 | Houston, TX 77002

T +1 713.374.3510 | F +1 713.374.3505 | C +1 713.598.6284
GarciaR@gtlaw.com | www.gtlaw.com | View GT Biography

**GT** GreenbergTraurig

**From:** Foster Baird <Foster.Baird@txcourts.gov>
**Sent:** Thursday, December 19, 2024 6:17 PM
**To:** Garcia, Roland (Shld-Hou-LT) <GarciaR@gtlaw.com>; Kirina McNamara <Kirina.McNamara@txcourts.gov>
**Cc:** Kirina McNamara <Kirina.McNamara@txcourts.gov>; HBarrow@andrewsmyers.com; Stibbe, Paul F. (Assoc-CHI-LT) <Paul.Stibbe@gtlaw.com>; EMiller@andrewsmyers.com; Jamrok, Gail (Para-Hou-BKY-LT) <JamrokG@gtlaw.com>; Powers, Rita (Shld-Chi-LT) <powersr@gtlaw.com>; Jeruchimowitz, Howard (Shld-Chi-LT) <Jeruchimowitzh@gtlaw.com>; Bloch, Heidi (Shld-AUS-App) <Heidi.Bloch@gtlaw.com>; Sanchez, Stephanie (LSS-Hou-LT) <Stephanie.Sanchez@gtlaw.com>; smccally@andrewsmyers.com; Stibbe, Paul F. (Assoc-CHI-LT) <Paul.Stibbe@gtlaw.com>; Jamrok, Gail (Para-Hou-BKY-LT) <JamrokG@gtlaw.com>; Powers, Rita (Shld-Chi-LT) <powersr@gtlaw.com>; Jeruchimowitz, Howard (Shld-Chi-LT) <Jeruchimowitzh@gtlaw.com>; Bloch, Heidi (Shld-AUS-App) <Heidi.Bloch@gtlaw.com>; Sanchez, Stephanie (LSS-Hou-LT) <Stephanie.Sanchez@gtlaw.com>; abender@andrewsmyers.com
**Subject:** RE: 24-BC11A-0013, Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P. v. Kimco Realty Services, Inc. et al.

Mr. Garcia—?

Please feel free to get us the binder on Monday by 5 PM.  On Tuesday, the Courthouse will be closed.  If Monday is truly arduous, the Court is amenable to exploring other options.  When it has been delivered at the Fourteenth Court clerk office, please have the courier call the number below—?(713)274-1067.  We are unclear on whether the Courthouse will be fully staffed.

We appreciate the diligence of all parties, and wish everyone happy holidays.



**Foster K. Baird**
Staff Attorney, Texas Business Court Eleventh Division
Judge Sofia Adrogué? Presiding
301 Fannin Street, Houston, Texas 77002
Phone: (713) 274-1067
*foster.baird@txcourts.gov*
*https://www.txcourts.gov/businesscourt/*

---

**From:** GarciaR@gtlaw.com <GarciaR@gtlaw.com>
**Sent:** Thursday, December 19, 2024 5:42 PM
**To:** Kirina McNamara <Kirina.McNamara@txcourts.gov>
**Cc:** Kirina McNamara <Kirina.McNamara@txcourts.gov>; HBarrow@andrewsmyers.com; Paul.Stibbe@gtlaw.com; Foster Baird <Foster.Baird@txcourts.gov>; EMiller@andrewsmyers.com; JamrokG@gtlaw.com; powersr@gtlaw.com; Jeruchimowitzh@gtlaw.com; Heidi.Bloch@gtlaw.com; Stephanie.Sanchez@gtlaw.com; smccally@andrewsmyers.com; Paul.Stibbe@gtlaw.com; JamrokG@gtlaw.com; powersr@gtlaw.com; Jeruchimowitzh@gtlaw.com; Heidi.Bloch@gtlaw.com; Stephanie.Sanchez@gtlaw.com; abender@andrewsmyers.com
**Subject:** RE: 24-BC11A-0013, Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P. v. Kimco Realty Services, Inc. et al.

CAUTION: This email originated from outside of the Texas Judicial Branch email system.
DO NOT click links or open attachments unless you expect them from the sender and know the content is safe.

Hello Ms. McNamara,

Despite diligent efforts, with the holidays and with conflicts in schedules, we may need a few more days to prepare and to tender to you our binder of authority and our proposed Order.

May we have until Monday or Tuesday of next week to present the same?

Thank you for the Court'?s consideration.

Best regards,

**Roland Garcia**
Shareholder

Greenberg Traurig, LLP
1000 Louisiana Street | Suite 6700 | Houston, TX 77002
T +1 713.374.3510 | F +1 713.374.3505 | C +1 713.598.6284
GarciaR@gtlaw.com | www.gtlaw.com | View GT Biography



---

**From:** Garcia, Roland (Shld-Hou-LT) <GarciaR@gtlaw.com>
**Sent:** Wednesday, December 18, 2024 11:02 PM
**To:** Kirina McNamara <Kirina.McNamara@txcourts.gov>
**Cc:** Kirina McNamara <Kirina.McNamara@txcourts.gov>; Hunter Barrow <HBarrow@andrewsmyers.com>; Stibbe, Paul F. (Assoc-CHI-LT) <Paul.Stibbe@gtlaw.com>; Foster Baird <Foster.Baird@txcourts.gov>; Emily Miller <EMiller@andrewsmyers.com>; Jamrok, Gail (Para-Hou-BKY-LT) <JamrokG@gtlaw.com>; Powers, Rita (Shld-Chi-LT) <powersr@gtlaw.com>; Jeruchimowitz, Howard (Shld-Chi-LT) <Jeruchimowitzh@gtlaw.com>; Bloch, Heidi (Shld-AUS-App) <Heidi.Bloch@gtlaw.com>; Sanchez, Stephanie (LSS-Hou-LT) <Stephanie.Sanchez@gtlaw.com>; Sharon McCally <smccally@andrewsmyers.com>; Stibbe, Paul F. (Assoc-CHI-LT) <Paul.Stibbe@gtlaw.com>; Jamrok, Gail (Para-Hou-BKY-LT) <JamrokG@gtlaw.com>; Powers, Rita (Shld-Chi-LT) <powersr@gtlaw.com>; Jeruchimowitz, Howard (Shld-Chi-LT) <Jeruchimowitzh@gtlaw.com>; Bloch, Heidi (Shld-AUS-App) <Heidi.Bloch@gtlaw.com>; Sanchez, Stephanie (LSS-Hou-LT) <Stephanie.Sanchez@gtlaw.com>; Andrew Bender <abender@andrewsmyers.com>
**Subject:** Re: 24-BC11A-0013, Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P. v. Kimco Realty Services, Inc. et al.

We will be submitting our binder of authority and proposed order this week.

Thank you.

Roland Garcia
Greenberg Traurig, LLP
713.374.3510

Sent from my iPhone

> On Dec 18, 2024, at 10:41 ?PM, Andrew Bender <abender@andrewsmyers.com> wrote:
>
> ?

Ms. McNamara:

Attached for the Court'?s convenience is an identical electronic copy of the documents in the binder sent earlier today.

Also included is the Opinion and Order to Remand issued two days ago by the First Division of the Texas Business Court.

Please let us know if you need anything else.

Thank you,

**Andrew B. Bender**
Shareholder

Andrews Myers | Attorneys at Law
Houston | Austin

1885 Saint James Place, 15th Floor
Houston, Texas 77056
713.751.2330

BOARD CERTIFIED | CIVIL APPELLATE LAW | TEXAS BOARD OF LEGAL SPECIALIZATION

CONFIDENTIALITY NOTICE: Andrews Myers is a law firm. This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited.

**From:** Kirina McNamara <Kirina.McNamara@txcourts.gov>
**Sent:** Wednesday, December 18, 2024 7:01 PM
**To:** Hunter Barrow <HBarrow@andrewsmyers.com>
**Cc:** GarciaR@gtlaw.com; Paul.Stibbe@gtlaw.com; Foster Baird <Foster.Baird@txcourts.gov>; Emily Miller <EMiller@andrewsmyers.com>; jamrokg@gtlaw.com; powersr@gtlaw.com; Jeruchimowitzh@gtlaw.com; heidi.bloch@gtlaw.com; Stephanie.Sanchez@gtlaw.com; Sharon McCally <smccally@andrewsmyers.com>; Andrew Bender <abender@andrewsmyers.com>
**Subject:** RE: 24-BC11A-0013, Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P. v. Kimco Realty Services, Inc. et al.

Some people who received this message don't often get email from kirina.mcnamara@txcourts.gov. Learn why this is important

Good evening, Counsel,

The Court would like to confirm receipt of the courtesy copy binder that was couriered today from Andrews Myers.

Respectfully,

**Kirina McNamara**
**Court Manager**
Texas Business Court Eleventh Division
Judge Sofí?a Adrogué? Presiding

301 Fannin, 5th Floor, Houston, Texas 77002
(713) 274-1066 (direct)
(512) 463-1625 (main)
https://www.txcourts.gov/businesscourt/
Court Correspondence to: BCDivision11A@txcourts.gov

---

**From:** Hunter Barrow <HBarrow@andrewsmyers.com>
**Sent:** Thursday, November 14, 2024 8:55 AM
**To:** Kirina McNamara <Kirina.McNamara@txcourts.gov>
**Cc:** GarciaR@gtlaw.com; Paul.Stibbe@gtlaw.com; Foster Baird <Foster.Baird@txcourts.gov>; Emily Miller <EMiller@andrewsmyers.com>; jamrokg@gtlaw.com; powersr@gtlaw.com; Jeruchimowitzh@gtlaw.com; heidi.bloch@gtlaw.com; Stephanie.Sanchez@gtlaw.com; Sharon McCally <smccally@andrewsmyers.com>; Andrew Bender <abender@andrewsmyers.com>
**Subject:** Re: 24-BC11A-0013, Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P. v. Kimco Realty Services, Inc. et al.

> CAUTION: This email originated from outside of the Texas Judicial Branch email system.
> DO NOT click links or open attachments unless you expect them from the sender and know the content is safe.

Confirmed for Plaintiffs.  Thank you.


**Hunter M. Barrow | Andrews Myers, P.C.**
Shareholder
Board Certified, Civil Trial Law—?Texas Board of Legal Specialization
Board Certified, Civil Trial Advocate—?National Board of Trial Advocacy

1885 Saint James Place, 15th Floor
Houston, Texas 77056
TEL: 713-351-0349
CELL: 713-703-1411
EMAIL: hbarrow@andrewsmyers.com
WEB: www.andrewsmyers.com

CONFIDENTIALITY NOTICE:  Andrews Myers is a law firm.  This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender immediately. Any disclosure, copying, distribution or taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited.


On Nov 13, 2024, at 7:10 ?PM, Kirina McNamara <Kirina.McNamara@txcourts.gov> wrote:

?

Some people who received this message don't often get email from kirina.mcnamara@txcourts.gov. Learn why this is important

Good evening, Counsel,

Thank you for your recent inquiry, Mr. Garcia. The Court has reviewed its calendar and would like to propose December 5, 2024, at 3:00 p.m., in person at the 1910 Courthouse, located at 301 Fannin, in the 14th Court of Appeals Courtroom for the hearing on Plaintiff'?s Motion to Remand.

To ensure a smooth process, please be mindful of the following pre-hearing headlines:

1. Defendant'?s response in opposition to Plaintiff'?s Motion to Remand is due by November 22, 2024.
2. If Plaintiff wishes, Plaintiff'?s reply to Defendant'?s response is due by December 2, 2024.

Please also note that no further briefing will be permitted absent leave of Court. Additionally, please file a Notice of Hearing in advance of the hearing date.

Should you have any questions or concerns, please feel free to reply to all so that everyone remains informed.

Thank you for your attention to these details, and I look forward to your confirmation.

Respectfully,

**Kirina McNamara**
**Court Manager**
Texas Business Court Eleventh Division
Judge Sofí?a Adrogué? Presiding

301 Fannin, 5th Floor, Houston, Texas 77002
(713) 274-1066 (direct)
(512) 463-1625 (main)
https://www.txcourts.gov/businesscourt/
Court Correspondence to: BCDivision11A@txcourts.gov

---

**From:** GarciaR@gtlaw.com <GarciaR@gtlaw.com>
**Sent:** Wednesday, November 13, 2024 4:18 PM
**To:** Kirina McNamara <Kirina.McNamara@txcourts.gov>
**Cc:** Paul.Stibbe@gtlaw.com; Foster Baird <Foster.Baird@txcourts.gov>; hbarrow@andrewsmyers.com; emiller@andrewsmyers.com; JamrokG@gtlaw.com; powersr@gtlaw.com; Jeruchimowitzh@gtlaw.com; Heidi.Bloch@gtlaw.com; Stephanie.Sanchez@gtlaw.com
**Subject:** RE: 24-BC11A-0013, Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P. v. Kimco Realty Services, Inc. et al.

Some people who received this message don't often get email from garciar@gtlaw.com. Learn why this is important

CAUTION: This email originated from outside of the Texas Judicial Branch email system.
DO NOT click links or open attachments unless you expect them from the sender and know the content is safe.

Ms. McNamara,

I represent the Defendants in the above matter.

We were served with the attached Motion to Remand.  I called and mentioned that I do not see anything in the attached Local Rules as to the deadline to file a reply to an opposed motion.  Also, I was not served with a notice of submission or a notice of hearing.   You asked that I send this email.

Please be advised that the attached Motion to Remand is opposed and we will be filing a response.   Please also advise as to the deadline for the filing of our response in opposition to the Motion to Remand.

Thank you.

**Roland Garcia**
Shareholder

Greenberg Traurig, LLP
1000 Louisiana Street | Suite 6700 | Houston, TX 77002
T +1 713.374.3510  |  F +1 713.374.3505  |  C +1 713.598.6284
GarciaR@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

---

**From:** Foster Baird <Foster.Baird@txcourts.gov>
**Sent:** Tuesday, October 22, 2024 5:06 PM
**To:** hbarrow@andrewsmyers.com; emiller@andrewsmyers.com; Jamrok, Gail (Para-Hou-BKY-LT) <JamrokG@gtlaw.com>; Powers, Rita (Shld-Chi-LT) <powersr@gtlaw.com>; Jeruchimowitz, Howard (Shld-Chi-LT) <Jeruchimowitzh@gtlaw.com>; Garcia, Roland (Shld-Hou-LT) <GarciaR@gtlaw.com>; Bloch, Heidi (Shld-AUS-App) <Heidi.Bloch@gtlaw.com>; pal.stibbe@gtlaw.com
**Cc:** Kirina McNamara <Kirina.McNamara@txcourts.gov>
**Subject:** 24-BC11A-0013, Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P. v. Kimco Realty Services, Inc. et al.

Good evening, Counsel:

The Business Court has recently published its general local rules (attached), which are now binding upon all parties to the above-styled action.  To the extent that the parties have not been in compliance with any of the local rules (by virtue of the rules'? non-existence at the time of the creation of this cause number), the Court appreciates all efforts to address the situation.  If there are issues or barriers to compliance, please reply all to this message.

If introduction is necessary, my contact is below.  I am Judge Adrogué?'?s Staff Attorney.  Our Court Manager, Kirina McNamara'?s contact information is immediately below.  Please feel free to direct inquiries to our attention.

**Kirina McNamara**
**Court Manager**
Texas Business Court Eleventh Division
Judge Sofí?a Adrogué? Presiding
301 Fannin, 5th Floor, Houston, Texas 77002
(713) 274-1066 (direct)
(512) 463-1625 (main)
https://www.txcourts.gov/businesscourt/
Court Correspondence to: BCDivision11A@txcourts.gov

Thank you in advance; and welcome to the Business Court.

**Foster K. Baird**
Staff Attorney, Texas Business Court Eleventh Division
Judge Sofía Adrogué? Presiding
301 Fannin Street, Houston, Texas 77002
Phone: (713) 274-1067
*foster.baird@txcourts.gov*
*https://www.txcourts.gov/businesscourt/*

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

FILED IN
BUSINESS COURT OF TEXAS
BEVERLY CRUMLEY, CLERK
ENTERED
02/04/2025



The Business Court of Texas
Eleventh Division

| | | |
|---|---|---|
| TIFFANY LYNN SEBASTIAN and MICHAEL JEFFREY SEBASTIAN, INDIVIDUALLY and DERIVATIVELY ON BEHALF OF THE CLASSIC DEALERSHIPS and 16835 CADET PARTNERS, LLC, *Plaintiffs,* <br><br> v. <br><br> T. BENTLY DURANT, THOMAS R. DURANT, THE DURANT CLASSIC DYNASTY TRUST, MICHAEL A. WARD, 8100 PARTNERS, LTD., 8100 MANAGEMENT LLC, 8705 PARTNERS, LTD., and 8705 MANAGEMENT LLC, *Defendants.* | § § § § § § § § § § § § § § § § § | Cause No. 25-BC11A-0001 |

## OPINION AND ORDER

¶1      Before the court are (1) Michael Sebastian's Motion to Remand filed January 9, 2025; (2) Tiffany Sebastian's Joinder in the Motion to Remand filed January 15, 2025; (3) the response filed by T. Bently Durant, Thomas R. Durant, the Durant Classic Dynasty Trust, Michael A. Ward, 8100 Partners, Ltd., 8100 Management LLC, 8705 Partners, Ltd., 8705 Management LLC (collectively "Defendants") and

by Classic Chevrolet Sugar Land, LLC, Classic Chevrolet West Houston, LLC, Classic Elite Buick GMC, Inc., and 16835 Cadet Partners, LLC (collectively "Classic"); and (4) the Sebastians' joint reply.

¶2 Having considered the parties' arguments and the relevant law, the court grants the Sebastians' motions and remands this cause to the district court.

## Factual and Procedural Background

¶3 This suit originated as a divorce proceeding. On July 11, 2024, Ms. Sebastian filed an Original Petition for Divorce in the 387th Judicial District Court of Fort Bend County, Texas. At the time, both spouses worked for and owned interests in Classic.

¶4 In the weeks that followed, according to the Sebastians, the Defendants improperly purported to terminate the Sebastians' employment, strip them of their membership interests, and block their access to the entities' books and records.

¶5 On September 18, 2024, Mr. Sebastian filed a Counterpetition for Divorce, adding Classic as Co-Respondents. On December 3, 2024, the Sebastians jointly filed a Third-Party Petition that brought derivative claims on Classic's behalf and added the Durant and 8100 Defendants. The Sebastians amended those claims on December 20, 2024, adding third-party claims against the remaining Defendants. Meanwhile, the parties pursued settlement—seeking to negotiate a buyout of the

Sebastians' membership interests under the parties' buy–sell agreement—but their discussions stalled.

¶6    On January 2, 2025, Defendants and Classic (jointly "the Removing Parties") filed their Notice of Removal to the Texas Business Court, pleading that they "remove[d] the individual and derivative claims asserted by" the Sebastians but did "not agree to submit the determination of" the divorce cross-petitions. The Sebastians, in turn, sought remand to the district court. At a hearing on January 30, 2025, all parties appeared through counsel and presented their arguments.

**Legal Standard**

¶7    "A party to an action filed in district court or county court at law that is within the jurisdiction of the business court may remove the action to the business court." TEX. GOV'T CODE § 25A.006(d). If the Business Court lacks jurisdiction of a removed action, the court shall remand the action to the original court in which the action was filed. *Id.*; TEX. R. CIV. P. 355(f)(1).

¶8    Whether a court has subject-matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

**Analysis**

**I.  Ms. Sebastian's Motion for Joinder**

¶9    No party presented argument opposing Ms. Sebastian's motion for joinder of Mr. Sebastian's motion to remand. The court grants the motion for joinder,

3

collectively considers the Sebastians' arguments in favor of remand, and finds that both motions were timely filed within 30 days of removal. *See* TEX. R. CIV. P. 355(f)(2).

## II. The Sebastians' Motion to Remand

### A. The Texas Business Court lacks jurisdiction of actions commenced before September 1, 2024.

¶10    The Business Court of Texas is a specialty statutory court, created by the Texas Legislature to adjudicate complex commercial disputes. *See* Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 1, 2023 Tex. Sess. Law Serv. 919, 919 ("the Act"). The Act added a new chapter to the Texas Government Code: Chapter 25A. *Id.* § 1. Chapter 25A is entitled "Business Court," and it outlines the new court's composition by regional divisions; includes provisions for the appointment of the court's judges; and describes the procedures by which suits may be filed in, transferred to, or removed to the court. TEX. GOV'T CODE §§ 25A.003, 25A.006, 25A.008–.009, 25A.017.

¶11    The Code's new Chapter 25A also grants the Business Court its jurisdiction and powers. *Id.* § 25A.004. While the statute's effective date is September 1, 2023, the Business Court "is created September 1, 2024" and the Act's Section 8 specifies that the "changes in law made by this Act apply to civil actions commenced on or after September 1, 2024." Act at §§ 5, 8, 9. This court has consistently construed Section 8 as conferring jurisdiction of only those suits commencing on or after

4

September 1, 2024. *E.g., Jorrie v. Charles*, 2024 Tex. Bus. 4, 2024 WL 5337409 (Nov. 7, 2024); *Winans v. Berry*, 2024 Tex. Bus. 5, 2024 WL 5337410 (Nov. 7, 2024); *Bestway Oilfield, Inc. v. Cox*, 2025 Tex. Bus. 2, 2025 WL 251338 (Jan. 17, 2025); *Energy Transfer LP v. Culberson Midstream LLC*, 2024 Tex. Bus. 1, 2024 WL 5320611 (Oct. 30, 2024).

**B. The court lacks jurisdiction of this action because it commenced in July 2024.**

¶12    The Sebastians move to remand on the basis that this action commenced when the original divorce petition was filed—before September 1, 2024. The Removing Parties counter that the derivative and third-party claims on Classic's behalf or against the Defendants commenced new "actions" against them that allow the court to exercise jurisdiction here. They protest that they were improperly joined to the divorce suit and have not yet been served with any claims.

¶13    The Act does not define the terms "civil action" or "commence." "When a statute contains an undefined term, we typically give the term its ordinary meaning." *Hegar v. Am. Multi-Cinema, Inc.*, 605 S.W.3d 35, 41 (Tex. 2020).

**1. Under the Act's Section 8, the *civil action* is the entire lawsuit.**

¶14    The Removing Parties concede that the divorce suit filed by Ms. Sebastian in July 2024 is an "action." They also recognize that "'action' is generally synonymous with 'suit,'" and that "for there to be a 'suit' or 'action,' it is 'essential that it rest in a court, with the power to hear it." Resp. at 11 (quoting *Jaster v. Comet*

5

*II Constr., Inc.*, 438 S.W.3d 556, 568 (Tex. 2014) (plurality op.)). In July 2024, the divorce action undisputedly rested in a state district court having power to hear it.

¶15    After September 2024, the Sebastians filed various additional pleadings: Mr. Sebastian's Counterpetition identifying Classic as "Co-Respondents" without pleading any express claims against them, the Sebastians' later addition of derivative claims on Classic's behalf, and the Sebastians' two successive pleadings asserting claims against the Defendants. None of those events spawned a new "civil action." The Sebastians' claims were all filed in, and part of, the same action—the one filed by Ms. Sebastian in July 2024 and assigned the cause number 24-DCV-318087 in the 387th Judicial District Court of Fort Bend County.

¶16    The Texas Supreme Court, construing "action" as an undefined term, has considered its "common meaning" as referring to the "entire lawsuit or cause or proceeding, not to discrete 'claims' or 'causes of action' asserted within a suit[.]" *Off. of Att'y Gen. of Tex. v. C.W.H.*, 531 S.W.3d 178, 183 (Tex. 2017). The Act similarly treats a *claim* not as a standalone lawsuit but as a component of an *action*. TEX. GOV'T CODE § 25A.004(b)(3) (granting jurisdiction of "an **action in which a claim** under a state or federal securities or trade regulation law is asserted . . .") (emphasis added). Other divisions of this court have recognized that "a civil action is a lawsuit." *Tema Oil & Gas Co. v. ETC Field Servs., LLC*, 2024 Tex. Bus. 3 at ¶15, 2024 WL 5337411, at *3 (Nov. 6, 2024), *quoted in C Ten 31 LLC v. Tarbox*, 2025

6

Tex. Bus. 1 at 16, 2025 WL 224542, at *7 (Jan. 3, 2025) ("'action' relates to the lawsuit generally while 'claim' relates to individual rights and remedies asserted within the suit.").

¶17 The Removing Parties argue their joinder to the divorce suit was procedurally and substantively improper. Because the company-related claims are unrelated to the divorce, they contend, the removed case should be deemed a separate "civil action" and should have been severed under Texas Rule of Civil Procedure 41 from the beginning. Indeed, they correctly recognize that a partial removal to this court would amount to a *de facto* severance.

¶18 But the Act does not override the long-settled doctrine permitting only court-ordered severance. *See id.*; *F.F.P. Op. Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007) (quoting *Guar. Fed. Sav. Bank v. Horseshoe Op. Co.*, 793 S.W.2d 652, 658 (Tex. 1990)). Instead, the Act permits a party to "remove the action"—not independent claims—to the Business Court. Tex. Gov't Code § 25A.006(d). The court holds that the Removing Parties' opposed notice of partial removal could not unilaterally divide this case into a new "civil action" for purposes of Section 8.

¶19 Under the Act's Section 8, *civil action* refers to the entire lawsuit, including the divorce cross-petitions and the later-filed claims involving the Removing Parties.

## 2. This civil action commenced before September 1, 2024.

¶20     This action commenced with the original divorce petition in July 2024. TEX. R. CIV. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk."). Because the court holds that no subsequent pleading created a new lawsuit, the entirety of this action—including the claims on Classic's behalf and against Defendants—"commenced" before September 2024.

¶21     The First Division of this court recently reached the same conclusion. *See Osmose Utils. Servs., Inc. v. Navarro Cnty. Elec. Coop.*, 2025 Tex. Bus. 3, 24-BC01A-0011 (Jan. 31, 2025). As in this case, Osmose attempted a partial removal, asking the Business Court to hear only the contractual claims involving Osmose and not the underlying personal-injury claims that pre-dated September 2024. *Id.* at ¶¶ 2–5. The court remanded, concluding that "the sole reasonable interpretation of Chapter 25A" was that "an action means a lawsuit, and does not refer to each individual claim within a lawsuit." *Id.* at ¶ 27. Accordingly, under the Act's Section 8, "the relevant date is the date on which suit was filed in the district court—not the date on which the parties filed the discrete claims sought to be removed to this Court." *Id.* at ¶ 30.

¶22     Sitting *en banc*, the Third Court of Appeals was similarly faced with a statute applying only to actions "commenced on or after" the legislation's effective date. *S & P Consulting Eng'rs, PLLC v. Baker*, 334 S.W.3d 390, 395 (Tex. App.—Austin

8

2011, no pet.) (en banc). The appellate court concluded "for purposes of the effective date" that "the filing of the original petition commences the action with respect to all parties regardless of when they are brought into the action." *Id.* at 396. Here, too, this action commenced in July 2024, regardless of when the Removing Parties were joined.

¶23     The Removing Parties claim they were not yet properly served, but the Act's effective date hinges on the date an action "commences," not on the date a plaintiff effects service or "brings suit." *See Tex. State Univ. v. Tanner*, 689 S.W.3d 292, 300 (Tex. 2024) (describing "distinction between 'bringing' and 'filing'" suit to satisfy statute of limitations). The Removing Parties certainly do not contend the case could have fallen within the Act's purview if only the Sebastians had effected service sooner.

¶24     The nonbinding precedent analyzing when an action commenced "**as to**" a certain defendant cannot alter the outcome, either:

- For purposes of triggering expert deadlines, holding "an action commences **as to** each defendant when it is first named as a defendant." *Morris v. Ponce*, 584 S.W.3d 922, 928 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).

- For purposes of triggering defendant's removal deadlines, holding "under Texas law, the action commenced **as to** [the defendant] when it was first named[.]" *Granite State Ins. Co. v. Chaucer Syndicate 1084 at Lloyd's*, CV-H-20-1588, 2020 WL 8678020, at *10 (S.D. Tex. July 14, 2020).

The Removing Parties rely on these and other cases construing when an action "commenced" as to a given party for purposes of triggering **that party's** rights or

obligations. *E.g., Martinez v. Gonzales*, No. 13-14-00241-CV, 2015 WL 5626242, at *4 (Tex. App.—Corpus Christi–Edinburg Sept. 17, 2015, pet. denied) (mem. op.) (construing *commencement* for purposes of "triggering the applicable [expert] deadline"); *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 400 (Tex. 2011) (noting plaintiff's amendment does not relate back to original pleading to toll her limitations deadline).[1]

¶25     But the question before this court is not merely one of when a certain party's rights or duties were triggered. The question is whether this court has jurisdiction of the suit at all. And the court has consistently held in multiple contexts and across multiple divisions that it lacks jurisdiction over **actions** preceding the Act's specified date. *E.g., Seter v. Westdale Asset Mgmt., Ltd.*, 2024 Tex. Bus. 7 at ¶ 2, 2024 WL 5337346, at *1 (Dec. 16, 2024) ("In six prior instances, this Court has remanded actions commenced before September 1, 2024, for lack of authority or want of jurisdiction."), *mandamus pet. denied in In re Westdale Asset Mgmt., Ltd.*,

---

[1] *See also Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970) (requiring diligent service for "commencement" of suit to trigger plaintiff's tolling of limitations); *Travelers Ins. Co. v. Brown*, 402 S.W.2d 500, 503 (Tex. 1966) (construing whether plaintiff "commence[d] any proceeding . . . seeking damages from the" defendant under its contractual defense); *Marez v. Moeck*, 608 S.W.2d 740, 742 (Tex. App.—Corpus Christi 1980, no writ) (requiring amended petition against proper party to trigger plaintiff's tolling of limitations). The *en banc* Austin Court of Appeals made an analogous distinction in *S & P*, noting that the "[c]ontext is critical, as are the consequences of a particular construction." 334 S.W.3d at 398 n.10 ("instead of determining whether a claim is unnecessarily barred by an unintended use of a statute, we are considering which version of a statute the legislature wanted to be applicable on the facts before us.").

No. 15-24-00135-CV, 2025 WL 300912 (Tex. App.—15th Jan. 24, 2025, orig. proceeding). The court construes the Act's Section 8 as an all-or-nothing jurisdictional grant as to suits commencing on or after September 1, 2024. *See id.*; *Jorrie*, 2024 Tex. Bus. 4 at 8. The clause's common meaning reflects no intent for each addition of a new party to revive the Business Court's jurisdiction on suits that were otherwise too old to satisfy Section 8.

¶26   To be clear, the court does not reach its decision based on whether the Sebastians' "cause of action" accrued against any defendant before September 1. Whether the parties exchanged demand letters or had a "right to relief" before that date is not dispositive here. *See* Resp. at 11. Instead, the *civil action* itself commenced in July upon the filing of the original petition.

¶27   The Removing Parties insist the Business Court is a more appropriate forum for the corporate-governance and derivative matters against them. And the Sebastians concede those matters substantively fall within the Act's subject-matter jurisdiction, but they counter that the "issues are too entwined" to bifurcate this suit. *See* Reply at 3, 4. Having concluded it lacks jurisdiction for the reasons above, the court expresses no opinion on whether the buy–sell litigation and remaining commercial disputes should be severed from the family-law claims or whether joinder was timely, necessary, or proper.

## Conclusion and Order

¶28    For the reasons stated above, the court lacks jurisdiction of this suit and must remand it. The court **GRANTS** Tiffany Sebastian's Motion to Remand and Michael Sebastian's Motion for Joinder. The cause is **REMANDED** to the 387th Judicial District Court of Fort Bend County, Texas.

SO ORDERED.

_____
STACY ROGERS SHARP
Judge of the Texas Business Court,
Fourth Division

SIGNED ON: February 4, 2025

12

# Tab C
# H.B. 19

AN ACT

relating to the creation of a specialty trial court to hear certain cases; authorizing fees.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

SECTION 1. Subtitle A, Title 2, Government Code, is amended by adding Chapter 25A to read as follows:

CHAPTER 25A. BUSINESS COURT

Sec. 25A.001. DEFINITIONS. In this chapter:

(1) "Controlling person" means a person who directly or indirectly controls a governing person, officer, or organization.

(2) "Derivative proceeding" means a civil action brought in the right of a domestic or foreign corporation, a domestic or foreign limited liability company, or a domestic or foreign limited partnership, to the extent provided by the Business Organizations Code.

(3) "Governing documents" means the instruments, documents, or agreements adopted under an organization's governing law to govern the organization's formation and internal affairs. The term includes:

(A) a certificate of formation, articles of incorporation, and articles of organization;

(B) bylaws;

(C) a partnership agreement;

1

(D)   a company agreement or operating agreement;

(E)   a shareholder agreement;

(F)   a voting agreement or voting trust agreement; and

(G)   an agreement among owners restricting the transfer of ownership interests.

(4)   "Governing law" means the law governing the formation and internal affairs of an organization.

(5)   "Governing person" means a person who is entitled, alone or as part of a group, to manage and direct an organization's affairs under the organization's governing documents and governing law.  The term includes:

(A)   a member of the board of directors of a corporation or other organization;

(B)   a general partner of a general or limited partnership;

(C)   a manager of a limited liability company that is managed by its managers;

(D)   a member of a limited liability company that is managed by its members;

(E)   a trust manager of a real estate investment trust; and

(F)   a trustee of a business trust.

(6)   "Governmental entity" means:

(A)   this state; or

(B)   a political subdivision of this state, including a municipality, a county, or any kind of district.

2

(7) "Internal affairs" means:

(A) the rights, powers, and duties of an organization's governing persons, officers, owners, and members; and

(B) matters relating to the organization's membership or ownership interests.

(8) "Managerial official" means a governing person or officer.

(9) "Officer" means a person elected, appointed, or designated as an officer of an organization by the organization's governing persons or governing documents.

(10) "Organization" means a foreign or domestic entity or association, regardless of whether the organization is for profit or nonprofit. The term includes:

(A) a corporation;

(B) a limited partnership;

(C) a general partnership;

(D) a limited liability partnership;

(E) a limited liability company;

(F) a business trust;

(G) a real estate investment trust;

(H) a joint venture;

(I) a joint stock company;

(J) a cooperative;

(K) a bank;

(L) a credit union;

(M) a savings and loan association;

(N) an insurance company; and

(O) a series of a limited liability company or of another entity.

(11) "Owner" means an owner of an organization. The term includes:

(A) a shareholder or stockholder of a corporation or other organization;

(B) a general or limited partner of a partnership or an assignee of a partnership interest in a partnership;

(C) a member of, or an assignee of a membership interest in, a limited liability company; and

(D) a member of a nonprofit organization.

(12) "Ownership interest" means an owner's interest in an organization, including an owner's economic, voting, and management rights.

(13) "Publicly traded company" means an entity whose voting equity securities are listed on a national securities exchange registered with the United States Securities and Exchange Commission under Section 6, Securities Exchange Act of 1934 (15 U.S.C. Section 78f) and any entity that is majority owned or controlled by such an entity.

(14) "Qualified transaction" means a transaction, other than a transaction involving a loan or an advance of money or credit by a bank, credit union, or savings and loan institution, under which a party:

(A) pays or receives, or is obligated to pay or is entitled to receive, consideration with an aggregate value of at

4

least $10 million; or

(B) lends, advances, borrows, receives, is obligated to lend or advance, or is entitled to borrow or receive money or credit with an aggregate value of at least $10 million.

Sec. 25A.002. CREATION. The business court is a statutory court created under Section 1, Article V, Texas Constitution.

Sec. 25A.003. BUSINESS COURT JUDICIAL DISTRICT; DIVISIONS. (a) The judicial district of the business court is composed of all counties in this state.

(b) The business court is composed of divisions as provided by this section.

(c) The First Business Court Division is composed of the counties composing the First Administrative Judicial Region under Section 74.042(b).

(d) The Second Business Court Division is composed of the counties composing the Second Administrative Judicial Region under Section 74.042(c), subject to funding through legislative appropriations. The division is abolished September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(e) The Third Business Court Division is composed of the counties composing the Third Administrative Judicial Region under Section 74.042(d).

(f) The Fourth Business Court Division is composed of the counties composing the Fourth Administrative Judicial Region under Section 74.042(e).

(g) The Fifth Business Court Division is composed of the

counties composing the Fifth Administrative Judicial Region under Section 74.042(f), subject to funding through legislative appropriations. The division is abolished on September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(h) The Sixth Business Court Division is composed of the counties composing the Sixth Administrative Judicial Region under Section 74.042(g), subject to funding through legislative appropriations. The division is abolished on September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(i) The Seventh Business Court Division is composed of the counties composing the Seventh Administrative Judicial Region under Section 74.042(h), subject to funding through legislative appropriations. The division is abolished on September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(j) The Eighth Business Court Division is composed of the counties composing the Eighth Administrative Judicial Region under Section 74.042(i).

(k) The Ninth Business Court Division is composed of the counties composing the Ninth Administrative Judicial Region under Section 74.042(j), subject to funding through legislative appropriations. The division is abolished on September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(l) The Tenth Business Court Division is composed of the

counties composing the Tenth Administrative Judicial Region under Section 74.042(k), subject to funding through legislative appropriations. The division is abolished on September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(m) The Eleventh Business Court Division is composed of the counties composing the Eleventh Administrative Judicial Region under Section 74.042(l).

(n) This subsection and Subsections (d), (g), (h), (i), (k), and (l) expire September 1, 2026.

Sec. 25A.004. JURISDICTION AND POWERS. (a) Subject to Subsections (b), (c), (d), (e), and (f), the business court has the powers provided to district courts by Chapter 24, including the power to:

(1) issue writs of injunction, mandamus, sequestration, attachment, garnishment, and supersedeas; and

(2) grant any relief that may be granted by a district court.

(b) Subject to Subsection (c), the business court has civil jurisdiction concurrent with district courts in the following actions in which the amount in controversy exceeds $5 million, excluding interest, statutory damages, exemplary damages, penalties, attorney's fees, and court costs:

(1) a derivative proceeding;

(2) an action regarding the governance, governing documents, or internal affairs of an organization;

(3) an action in which a claim under a state or federal

7

securities or trade regulation law is asserted against:

(A)  an organization;

(B)  a controlling person or managerial official of an organization for an act or omission by the organization or by the person in the person's capacity as a controlling person or managerial official;

(C)  an underwriter of securities issued by the organization; or

(D)  the auditor of an organization;

(4)  an action by an organization, or an owner of an organization, if the action:

(A)  is brought against an owner, controlling person, or managerial official of the organization; and

(B)  alleges an act or omission by the person in the person's capacity as an owner, controlling person, or managerial official of the organization;

(5)  an action alleging that an owner, controlling person, or managerial official breached a duty owed to an organization or an owner of an organization by reason of the person's status as an owner, controlling person, or managerial official, including the breach of a duty of loyalty or good faith;

(6)  an action seeking to hold an owner or governing person of an organization liable for an obligation of the organization, other than on account of a written contract signed by the person to be held liable in a capacity other than as an owner or governing person; and

(7)  an  action  arising  out  of  the  Business

Organizations Code.

(c)   The business court has civil jurisdiction concurrent with district courts in an action described by Subsection (b) regardless of the amount in controversy if a party to the action is a publicly traded company.

(d)   The business court has civil jurisdiction concurrent with district courts in the following actions in which the amount in controversy exceeds $10 million, excluding interest, statutory damages, exemplary damages, penalties, attorney's fees, and court costs:

            (1)   an action arising out of a qualified transaction;

            (2)   an action that arises out of a contract or commercial transaction in which the parties to the contract or transaction agreed in the contract or a subsequent agreement that the business court has jurisdiction of the action, except an action that arises out of an insurance contract; and

            (3)   subject to Subsection (g), an action that arises out of a violation of the Finance Code or Business & Commerce Code by an organization or an officer or governing person acting on behalf of an organization other than a bank, credit union, or savings and loan association.

(e)   The business court has civil jurisdiction concurrent with district courts in an action seeking injunctive relief or a declaratory judgment under Chapter 37, Civil Practice and Remedies Code, involving a dispute based on a claim within the court's jurisdiction under Subsection (b), (c), or (d).

(f)   Except as provided by Subsection (h), the business court

has supplemental jurisdiction over any other claim related to a case or controversy within the court's jurisdiction that forms part of the same case or controversy. A claim within the business court's supplemental jurisdiction may proceed in the business court only on the agreement of all parties to the claim and a judge of the division of the court before which the action is pending. If the parties involved in a claim within the business court's supplemental jurisdiction do not agree on the claim proceeding in the business court, the claim may proceed in a court of original jurisdiction concurrently with any related claims proceeding in the business court.

(g) Unless the claim falls within the business court's supplemental jurisdiction, the business court does not have jurisdiction of:

(1) a civil action:

(A) brought by or against a governmental entity; or

(B) to foreclose on a lien on real or personal property;

(2) a claim arising out of:

(A) Subchapter E, Chapter 15, and Chapter 17, Business & Commerce Code;

(B) the Estates Code;

(C) the Family Code;

(D) the Insurance Code; or

(E) Chapter 53 and Title 9, Property Code;

(3) a claim arising out of the production or sale of a

farm product, as that term is defined by Section 9.102, Business & Commerce Code;

(4) a claim related to a consumer transaction, as that term is defined by Section 601.001, Business & Commerce Code, to which a consumer in this state is a party, arising out of a violation of federal or state law; or

(5) a claim related to the duties and obligations under an insurance policy.

(h) The business court does not have jurisdiction of the following claims regardless of whether the claim is otherwise within the court's supplemental jurisdiction under Subsection (f):

(1) a claim arising under Chapter 74, Civil Practice and Remedies Code;

(2) a claim in which a party seeks recovery of monetary damages for bodily injury or death; or

(3) a claim of legal malpractice.

Sec. 25A.005. JUDICIAL AUTHORITY. A business court judge has all powers, duties, immunities, and privileges of a district judge.

Sec. 25A.006. INITIAL FILING; REMOVAL AND REMAND. (a) An action within the jurisdiction of the business court may be filed in the business court. The party filing the action must plead facts to establish venue in a county in a division of the business court, and the business court shall assign the action to that division. Venue may be established as provided by law or, if a written contract specifies a county as venue for the action, as provided by the contract.

(b)  If the business court does not have jurisdiction of the action, the court shall, at the option of the party filing the action:

(1)  transfer the action to a district court or county court at law in a county of proper venue; or

(2)  dismiss the action without prejudice to the party's rights.

(c)  If, after an action is assigned to a division of the business court, the court determines that the division's geographic territory does not include a county of proper venue for the action, the court shall:

(1)  if an operating division of the court includes a county of proper venue, transfer the action to that division; or

(2)  if there is not an operating division of the court that includes a county of proper venue, at the option of the party filing the action, transfer the action to a district court or county court at law in a county of proper venue.

(d)  A party to an action filed in a district court or county court at law that is within the jurisdiction of the business court may remove the action to the business court.  If the business court does not have jurisdiction of the action, the business court shall remand the action to the court in which the action was originally filed.

(e)  A party to an action filed in a district court or county court at law in a county of proper venue that is not within an operating division of the business court or the judge of the court in which the action is filed may not remove or transfer the action

to the business court.

(f)  A party may file an agreed notice of removal at any time during the pendency of the action.  If all parties to the action have not agreed to remove the action, the notice of removal must be filed:

(1)  not later than the 30th day after the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the action; or

(2)  if an application for temporary injunction is pending on the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the action, not later than the 30th day after the date the application is granted, denied, or denied as a matter of law.

(g)  The notice of removal must be filed with the business court and the court in which the action was originally filed.  On receipt of the notice, the clerk of the court in which the action was originally filed shall immediately transfer the action to the business court in accordance with rules adopted by the supreme court, and the business court clerk shall assign the action to the appropriate division of the business court.

(h)  The filing of an action or a notice of removal in the business court is subject to Section 10.001, Civil Practice and Remedies Code.

(i)  Removal of a case to the business court is not subject to the statutes or rules governing the due order of pleading.

13

(j) Removal of a case does not waive a defect in venue or constitute an appearance to determine personal jurisdiction.

(k) The judge of a court in which an action is filed may request the presiding judge for the court's administrative region to transfer the action to the business court if the action is within the business court's jurisdiction. The judge shall notify all parties of the transfer request and request a hearing on the transfer request. After a hearing on the request, the presiding judge may transfer the action to the business court if the presiding judge finds the transfer will facilitate the fair and efficient administration of justice. The business court clerk shall assign an action transferred under this subsection to the appropriate division of the business court.

(l) The business court judge on establishment of jurisdiction and venue over an action shall by order declare the county in which any jury trial for the action will be held as determined under Section 25A.015.

Sec. 25A.007. APPEALS. (a) Notwithstanding any other law and except as provided by Subsection (b) and in instances when the supreme court has concurrent or exclusive jurisdiction, the Fifteenth Court of Appeals has exclusive jurisdiction over an appeal from an order or judgment of the business court or an original proceeding related to an action or order of the business court.

(b) If the Fifteenth Court of Appeals is not created, an appeal from an order or judgment of the business court or an original proceeding related to an action or order of the business

14

court shall be filed in the court of appeals with appellate jurisdiction of civil cases for the county declared in an order under Section 25A.006(1).

(c) The procedure governing an appeal or original proceeding from the business court is the same as the procedure for an appeal or original proceeding from a district court.

Sec. 25A.008. QUALIFICATIONS OF JUDGE. (a) A business court judge must:

(1) be at least 35 years of age;

(2) be a United States citizen;

(3) have been a resident of a county within the division of the business court to which the judge is appointed for at least five years before appointment; and

(4) be a licensed attorney in this state who has 10 or more years of experience in:

(A) practicing complex civil business litigation;

(B) practicing business transaction law;

(C) serving as a judge of a court in this state with civil jurisdiction; or

(D) any combination of experience described by Paragraphs (A)-(C).

(b) A business court judge may not have had the judge's license to practice law revoked, suspended, or subject to a probated suspension.

Sec. 25A.009. APPOINTMENT OF JUDGES; TERM; PRESIDING JUDGE; EXCHANGE OF BENCHES. (a) The governor, with the advice and consent

of the senate, shall appoint:

(1) two judges to each of the First, Third, Fourth, Eighth, and Eleventh Divisions of the business court; and

(2) one judge to each of the Second, Fifth, Sixth, Seventh, Ninth, and Tenth Divisions of the business court.

(b) A business court judge shall serve for a term of two years, beginning on September 1 of every even-numbered year.

(c) A business court judge may be reappointed.

(d) Not later than the seventh day after the first day of a term, the business court judges by majority vote shall select a judge of the court to serve as administrative presiding judge for the duration of the term. If a vacancy occurs in the position of administrative presiding judge, the remaining business court judges shall select a judge of the court to serve as administrative presiding judge for the remainder of the unexpired term as soon as practicable.

(e) A business court judge shall take the constitutional oath of office required of appointed officers of this state and file the oath with the secretary of state.

(f) To promote the orderly and efficient administration of justice, the business court judges may exchange benches and sit and act for each other in any matter pending before the court.

Sec. 25A.010. VACANCY. If a vacancy occurs in an office of a business court judge, the governor, with the advice and consent of the senate, shall appoint, in the same manner as the original appointment, another person to serve for the remainder of the unexpired term.

Sec. 25A.011. JUDGE'S SALARY. The salary of a business court judge is the amount provided by Section 659.012 and shall be paid in equal monthly installments.

Sec. 25A.012. REMOVAL; DISQUALIFICATION AND RECUSAL. (a) A business court judge may be removed from office in the same manner and for the same reasons as a district judge.

(b) A business court judge is disqualified and subject to mandatory recusal for the same reasons a district judge is subject to disqualification or recusal in a pending case. Disqualification or recusal of a business court judge shall be governed by the same procedure as disqualification or recusal of a district judge.

Sec. 25A.013. PRIVATE PRACTICE OF LAW. A business court judge shall diligently discharge the duties of the office on a full-time basis and may not engage in the private practice of law.

Sec. 25A.014. VISITING JUDGE. (a) A retired or former judge or justice who has the qualifications prescribed by Section 25A.008 may be assigned as a visiting judge of a division of the business court by the chief justice of the supreme court. A visiting judge of a division of the business court is subject to objection, disqualification, or recusal in the same manner as a retired or former judge or justice is subject to objection, disqualification, or recusal if appointed as a visiting district judge.

(b) Before accepting an assignment as a visiting judge of a division of the business court, a retired or former judge or justice shall take the constitutional oath of office required of appointed officers of this state and file the oath with the secretary of

17

state.

Sec. 25A.015. JURY PRACTICE AND PROCEDURE; VENUE FOR JURY TRIAL. (a) A party in an action pending in the business court has the right to a trial by jury when required by the constitution.

(b) Subject to Subsection (d), a jury trial in a case filed initially in the business court shall be held in any county in which the case could have been filed under Section 15.002, Civil Practice and Remedies Code, as chosen by the plaintiff.

(c) Subject to Subsections (b) and (d), a jury trial in a case removed to the business court shall be held in the county in which the action was originally filed.

(d) A jury trial for a case in which a written contract specifies a county as venue for suits shall be held in that county.

(e) The parties and the business court judge may agree to hold the jury trial in any other county. A party may not be required to agree to hold the jury trial in a different county.

(f) The drawing of jury panels, selection of jurors, and other jury-related practice and procedure in the business court shall be the same as for the district court in the county in which the trial is held.

(g) Practice, procedure, rules of evidence, issuance of process and writs, and all other matters pertaining to the conduct of trials, hearings, and other business in the business court are governed by the laws and rules prescribed for district courts, unless otherwise provided by this chapter.

Sec. 25A.016. WRITTEN OPINIONS. The supreme court shall adopt rules for the issuance of written opinions by the business

court.

Sec. 25A.017. COURT LOCATION; STAFFING. (a) In this section, "remote proceeding" means a proceeding before the business court in which one or more of the participants, including a judge, party, attorney, witness, court reporter, or other individual attends the proceeding remotely through the use of technology.

(b) The administrative presiding judge of the business court shall manage administrative and personnel matters on behalf of the court. The administrative presiding judge of the business court shall appoint a clerk, whose office shall be located in Travis County in facilities provided by this state. The clerk shall:

(1) accept all filings in the business court; and

(2) fulfill the legal and administrative functions of a district clerk.

(c) Each business court judge shall maintain chambers in the county the judge selects within the geographic boundaries of the division to which the judge is appointed in facilities provided by this state. For purposes of this section, the Office of Court Administration of the Texas Judicial System may contract for the use of facilities with a county.

(d) Subject to Section 25A.015, a business court judge may hold court at any courtroom within the geographic boundaries of the division to which the judge is appointed as the court determines necessary or convenient for a particular civil action. To the extent practicable, a county using existing courtrooms and facilities shall accommodate the business court in the conduct of the court's hearings and other proceedings.

(e) The business court may conduct a proceeding other than a jury trial as a remote proceeding to facilitate the resolution of a matter before the court. The business court may not require a party or attorney to remotely attend a court proceeding in which oral testimony is heard, absent the agreement of the parties.

(f) The business court shall conduct a remote proceeding from a courtroom or the facilities provided to a business court judge by this state.

(g) The business court shall provide reasonable notice to the public that a proceeding will be conducted remotely and an opportunity for the public to observe the remote proceeding.

(h) In a county in which a division of the business court sits, the sheriff shall in person or by deputy attend the business court as required by the court. The sheriff or deputy is entitled to reimbursement from this state for the cost of attending the business court.

(i) The business court may appoint personnel necessary for the operation of the court, including:

(1) personnel to assist the clerk of the court;

(2) staff attorneys for the court;

(3) staff attorneys for each judge of the business court;

(4) court coordinators; and

(5) administrative assistants.

(j) Subject to Subsection (k), the court officials shall perform the duties and responsibilities of their offices and are entitled to the compensation, fees, and allowances prescribed by

law for the offices.

(k) All personnel, including the business court clerk, appointed under this section are employees of the Office of Court Administration of the Texas Judicial System and are state employees for all purposes, including accrual of leave time, insurance benefits, retirement benefits, and travel regulations.

Sec. 25A.0171. ADMINISTRATIVE ATTACHMENT TO OFFICE OF COURT ADMINISTRATION; REPORT. (a) The business court is administratively attached to the Office of Court Administration of the Texas Judicial System.

(b) The Office of Court Administration of the Texas Judicial System shall provide administrative support to the business court as necessary to enable the business court to carry out its duties under this chapter.

(c) The Office of Court Administration of the Texas Judicial System may employ personnel necessary to provide administrative support to the business court under this chapter.

(d) Only the business court may exercise the duties of the business court under this chapter. Except as otherwise provided by this chapter, the Office of Court Administration of the Texas Judicial System does not have any authority or responsibility related to the duties of the business court under this chapter.

(e) Not later than December 1 of each year, the Office of Court Administration of the Texas Judicial System shall submit to the legislature a report on the number and types of cases heard by the business court in the preceding year.

Sec. 25A.018. FEES. The supreme court shall set fees for

filings and actions in the business court in amounts sufficient to cover the costs of administering this chapter, taking into account fee waivers necessary for the interest of justice.

Sec. 25A.019. SEAL. The seal of the business court is the same as that provided by law for a district court except that the seal must contain the name "The Business Court of Texas."

Sec. 25A.020. RULES. (a) The supreme court shall adopt rules of civil procedure as the court determines necessary, including rules providing for:

(1) the timely and efficient removal and remand of cases to and from the business court; and

(2) the assignment of cases to judges of the business court.

(b) The business court may adopt rules of practice and procedure consistent with the Texas Rules of Civil Procedure and the Texas Rules of Evidence.

SECTION 2. Sections 659.012(a) and (e), Government Code, are amended to read as follows:

(a) Notwithstanding Section 659.011 and subject to Subsections (b) and (b-1):

(1) a judge of a district court or a division of the business court is entitled to an annual base salary from the state as set by the General Appropriations Act in an amount equal to at least $140,000, except that the combined base salary of a district judge or judge of a division of the business court from all state and county sources, including compensation for any extrajudicial services performed on behalf of the county, may not exceed the

22

amount that is $5,000 less than the maximum combined base salary from all state and county sources for a justice of a court of appeals other than a chief justice as determined under this subsection;

(2) a justice of a court of appeals other than the chief justice is entitled to an annual base salary from the state in the amount equal to 110 percent of the state base salary of a district judge as set by the General Appropriations Act, except that the combined base salary of a justice of the court of appeals other than the chief justice from all state and county sources, including compensation for any extrajudicial services performed on behalf of the county, may not exceed the amount that is $5,000 less than the base salary for a justice of the supreme court as determined under this subsection;

(3) a justice of the supreme court other than the chief justice or a judge of the court of criminal appeals other than the presiding judge is entitled to an annual base salary from the state in the amount equal to 120 percent of the state base salary of a district judge as set by the General Appropriations Act; and

(4) the chief justice or presiding judge of an appellate court is entitled to an annual base salary from the state in the amount equal to $2,500 more than the state base salary provided for the other justices or judges of the court, except that the combined base salary of the chief justice of a court of appeals from all state and county sources may not exceed the amount equal to $2,500 less than the base salary for a justice of the supreme court as determined under this subsection.

(e) For the purpose of salary payments by the state, the comptroller shall determine from sworn statements filed by the justices of the courts of appeals, [and] district judges, and business court judges that the required salary limitations provided by Subsection (a) are maintained. If the state base salary for a judge or justice prescribed by Subsection (a) combined with additional compensation from a county would exceed the limitations provided by Subsection (a), the comptroller shall reduce the salary payment made by the state by the amount of the excess.

SECTION 3. Section 837.001(a), Government Code, is amended to read as follows:

(a) Membership [Except as provided by Subsection (b), membership] in the retirement system is limited to persons who have never been eligible for membership in the Judicial Retirement System of Texas or the Judicial Retirement System of Texas Plan One and who at any time on or after the effective date of this Act are judges, justices, or commissioners of:

(1) the supreme court;

(2) the court of criminal appeals;

(3) a court of appeals;

(4) the business court;

(5) a district court; or

(6) [(5)] a commission to a court specified in this subsection.

SECTION 4. (a) The Texas Supreme Court has exclusive and original jurisdiction over a challenge to the constitutionality of this Act or any part of this Act and may issue injunctive or

24

declaratory relief in connection with the challenge.

(b) If the appointment of judges by the governor to the divisions of the business court under Section 25A.009, Government Code, as added by this Act, is held by the Texas Supreme Court as unconstitutional, the business court shall be staffed by retired or former judges or justices who are appointed to the court as provided by Section 25A.014, Government Code, as added by this Act.

SECTION 5. Except as otherwise provided by this Act, the business court is created September 1, 2024.

SECTION 6. (a) As soon as practicable after the effective date of this Act, the governor shall appoint judges to the First, Third, Fourth, Eighth, and Eleventh Business Court Divisions as required by Section 25A.009, Government Code, as added by this Act.

(b) On or before September 1, 2026, but not before July 1, 2026, the governor shall appoint judges to the Second, Fifth, Sixth, Seventh, Ninth, and Tenth Business Court Divisions as required by Section 25A.009, Government Code, as added by this Act.

SECTION 7. (a) Notwithstanding Chapter 25A, Government Code, as added by this Act, the business court is not created unless the legislature makes a specific appropriation of money for that purpose. For purposes of this subsection, a specific appropriation is an appropriation identifying the business court or an Act of the 88th Legislature, Regular Session, 2023, relating to the creation of a specialty trial court to hear certain cases or of the business court.

(b) Notwithstanding Section 25A.007(a), Government Code, as added by this Act, a court of appeals retains the jurisdiction the

court had on August 31, 2024, if the business court is not created as a result of Subsection (a) of this section.

SECTION 8. The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024.

SECTION 9. This Act takes effect September 1, 2023.




H.B. No. 19

_____     _____
President of the Senate             Speaker of the House

I certify that H.B. No. 19 was passed by the House on May 2, 2023, by the following vote: Yeas 90, Nays 51, 1 present, not voting; and that the House concurred in Senate amendments to H.B. No. 19 on May 25, 2023, by the following vote: Yeas 86, Nays 53, 1 present, not voting.

_____
Chief Clerk of the House

I certify that H.B. No. 19 was passed by the Senate, with amendments, on May 12, 2023, by the following vote: Yeas 24, Nays 6.

_____
Secretary of the Senate

APPROVED: _6 - 9 - 23_____
                Date

_____
Governor

FILED IN THE OFFICE OF THE
SECRETARY OF STATE
9 :00 PM O'CLOCK

JUN 09 2023

_____
Secretary of State

27

# Tab D
# Tex. Gov. Code §§ 25A.001 – 25A.020

GOVERNMENT CODE

TITLE 2. JUDICIAL BRANCH

SUBTITLE A. COURTS

CHAPTER 25A.  BUSINESS COURT

Sec. 25A.001.  DEFINITIONS.  In this chapter:

(1)  "Controlling person" means a person who directly or indirectly controls a governing person, officer, or organization.

(2)  "Derivative proceeding" means a civil action brought in the right of a domestic or foreign corporation, a domestic or foreign limited liability company, or a domestic or foreign limited partnership, to the extent provided by the Business Organizations Code.

(3)  "Governing documents" means the instruments, documents, or agreements adopted under an organization's governing law to govern the organization's formation and internal affairs.  The term includes:

(A)  a certificate of formation, articles of incorporation, and articles of organization;

(B)  bylaws;

(C)  a partnership agreement;

(D)  a company agreement or operating agreement;

(E)  a shareholder agreement;

(F)  a voting agreement or voting trust agreement; and

(G)  an agreement among owners restricting the transfer of ownership interests.

(4)  "Governing law" means the law governing the formation and internal affairs of an organization.

(5)  "Governing person" means a person who is entitled, alone or as part of a group, to manage and direct an organization's affairs under the organization's governing documents and governing law.  The term includes:

(A)  a member of the board of directors of a corporation or other organization;

(B)  a general partner of a general or limited partnership;

(C)  a manager of a limited liability company that is managed by its managers;

(D)  a member of a limited liability company that is managed by its members;

(E)   a trust manager of a real estate investment trust; and

(F)   a trustee of a business trust.

(6)   "Governmental entity" means:

(A)   this state; or

(B)   a political subdivision of this state, including a municipality, a county, or any kind of district.

(7)   "Internal affairs" means:

(A)   the rights, powers, and duties of an organization's governing persons, officers, owners, and members; and

(B)   matters relating to the organization's membership or ownership interests.

(8)   "Managerial official" means a governing person or officer.

(9)   "Officer" means a person elected, appointed, or designated as an officer of an organization by the organization's governing persons or governing documents.

(10)   "Organization" means a foreign or domestic entity or association, regardless of whether the organization is for profit or nonprofit.  The term includes:

(A)   a corporation;

(B)   a limited partnership;

(C)   a general partnership;

(D)   a limited liability partnership;

(E)   a limited liability company;

(F)   a business trust;

(G)   a real estate investment trust;

(H)   a joint venture;

(I)   a joint stock company;

(J)   a cooperative;

(K)   a bank;

(L)   a credit union;

(M)   a savings and loan association;

(N)   an insurance company; and

(O)   a series of a limited liability company or of another entity.

(11)   "Owner" means an owner of an organization. The term includes:

(A)   a shareholder or stockholder of a corporation or other organization;

(B)   a general or limited partner of a partnership or an assignee of a partnership interest in a partnership;

          (C)  a member of, or an assignee of a membership interest in, a limited liability company; and

          (D)  a member of a nonprofit organization.

    (12)  "Ownership interest" means an owner's interest in an organization, including an owner's economic, voting, and management rights.

    (13)  "Publicly traded company" means an entity whose voting equity securities are listed on a national securities exchange registered with the United States Securities and Exchange Commission under Section 6, Securities Exchange Act of 1934 (15 U.S.C. Section 78f) and any entity that is majority owned or controlled by such an entity.

    (14)  "Qualified transaction" means a transaction, other than a transaction involving a loan or an advance of money or credit by a bank, credit union, or savings and loan institution, under which a party:

          (A)  pays or receives, or is obligated to pay or is entitled to receive, consideration with an aggregate value of at least $10 million; or

          (B)  lends, advances, borrows, receives, is obligated to lend or advance, or is entitled to borrow or receive money or credit with an aggregate value of at least $10 million.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


    Sec. 25A.002.  CREATION.  The business court is a statutory court created under Section 1, Article V, Texas Constitution.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


  For expiration of Subsections (d), (g), (h), (i), (k), (l), and (n), see Subsection (n).

    Sec. 25A.003.  BUSINESS COURT JUDICIAL DISTRICT; DIVISIONS.  (a)  The judicial district of the business court is composed of all counties in this state.

    (b)  The business court is composed of divisions as provided by this section.

    (c)  The First Business Court Division is composed of the counties composing the First Administrative Judicial Region under Section 74.042(b).

    (d)  The Second Business Court Division is composed of the counties composing the Second Administrative Judicial Region under Section

74.042(c), subject to funding through legislative appropriations. The division is abolished September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(e)  The Third Business Court Division is composed of the counties composing the Third Administrative Judicial Region under Section 74.042(d).

(f)  The Fourth Business Court Division is composed of the counties composing the Fourth Administrative Judicial Region under Section 74.042(e).

(g)  The Fifth Business Court Division is composed of the counties composing the Fifth Administrative Judicial Region under Section 74.042(f), subject to funding through legislative appropriations. The division is abolished on September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(h)  The Sixth Business Court Division is composed of the counties composing the Sixth Administrative Judicial Region under Section 74.042(g), subject to funding through legislative appropriations. The division is abolished on September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(i)  The Seventh Business Court Division is composed of the counties composing the Seventh Administrative Judicial Region under Section 74.042(h), subject to funding through legislative appropriations. The division is abolished on September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(j)  The Eighth Business Court Division is composed of the counties composing the Eighth Administrative Judicial Region under Section 74.042(i).

(k)  The Ninth Business Court Division is composed of the counties composing the Ninth Administrative Judicial Region under Section 74.042(j), subject to funding through legislative appropriations. The division is abolished on September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(l)  The Tenth Business Court Division is composed of the counties composing the Tenth Administrative Judicial Region under Section 74.042(k), subject to funding through legislative appropriations. The division is abolished on September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(m)  The Eleventh Business Court Division is composed of the counties composing the Eleventh Administrative Judicial Region under Section 74.042(l).

(n)  This subsection and Subsections (d), (g), (h), (i), (k), and (l) expire September 1, 2026.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.004.  JURISDICTION AND POWERS.  (a)  Subject to Subsections (b), (c), (d), (e), and (f), the business court has the powers provided to district courts by Chapter 24, including the power to:

(1)  issue writs of injunction, mandamus, sequestration, attachment, garnishment, and supersedeas; and

(2)  grant any relief that may be granted by a district court.

(b)  Subject to Subsection (c), the business court has civil jurisdiction concurrent with district courts in the following actions in which the amount in controversy exceeds $5 million, excluding interest, statutory damages, exemplary damages, penalties, attorney's fees, and court costs:

(1)  a derivative proceeding;

(2)  an action regarding the governance, governing documents, or internal affairs of an organization;

(3)  an action in which a claim under a state or federal securities or trade regulation law is asserted against:

(A)  an organization;

(B)  a controlling person or managerial official of an organization for an act or omission by the organization or by the person in the person's capacity as a controlling person or managerial official;

(C)  an underwriter of securities issued by the organization; or

(D)  the auditor of an organization;

(4)  an action by an organization, or an owner of an organization, if the action:

(A)  is brought against an owner, controlling person, or managerial official of the organization; and

(B)  alleges an act or omission by the person in the person's capacity as an owner, controlling person, or managerial official of the organization;

(5)  an action alleging that an owner, controlling person, or managerial official breached a duty owed to an organization or an owner of an organization by reason of the person's status as an owner, controlling person, or managerial official, including the breach of a duty of loyalty or good faith;

(6)  an action seeking to hold an owner or governing person of an organization liable for an obligation of the organization, other than on account of a written contract signed by the person to be held liable in a capacity other than as an owner or governing person; and

(7)  an action arising out of the Business Organizations Code.

(c)  The business court has civil jurisdiction concurrent with district courts in an action described by Subsection (b) regardless of the amount in controversy if a party to the action is a publicly traded company.

(d)  The business court has civil jurisdiction concurrent with district courts in the following actions in which the amount in controversy exceeds $10 million, excluding interest, statutory damages, exemplary damages, penalties, attorney's fees, and court costs:

(1)  an action arising out of a qualified transaction;

(2)  an action that arises out of a contract or commercial transaction in which the parties to the contract or transaction agreed in the contract or a subsequent agreement that the business court has jurisdiction of the action, except an action that arises out of an insurance contract; and

(3)  subject to Subsection (g), an action that arises out of a violation of the Finance Code or Business & Commerce Code by an organization or an officer or governing person acting on behalf of an organization other than a bank, credit union, or savings and loan association.

(e)  The business court has civil jurisdiction concurrent with district courts in an action seeking injunctive relief or a declaratory judgment under Chapter 37, Civil Practice and Remedies Code, involving a dispute based on a claim within the court's jurisdiction under Subsection (b), (c), or (d).

(f)  Except as provided by Subsection (h), the business court has supplemental jurisdiction over any other claim related to a case or controversy within the court's jurisdiction that forms part of the same case or controversy.  A claim within the business court's supplemental jurisdiction may proceed in the business court only on the agreement of all parties to the claim and a judge of the division of the court before which the action is pending.  If the parties involved in a claim within the business court's supplemental jurisdiction do not agree on the claim proceeding in the business court, the claim may proceed in a court of original jurisdiction concurrently with any related claims proceeding in the business court.

(g)   Unless the claim falls within the business court's supplemental jurisdiction, the business court does not have jurisdiction of:

(1)   a civil action:

(A)   brought by or against a governmental entity; or

(B)   to foreclose on a lien on real or personal property;

(2)   a claim arising out of:

(A)   Subchapter E, Chapter 15, and Chapter 17, Business & Commerce Code;

(B)   the Estates Code;

(C)   the Family Code;

(D)   the Insurance Code; or

(E)   Chapter 53 and Title 9, Property Code;

(3)   a claim arising out of the production or sale of a farm product, as that term is defined by Section 9.102, Business & Commerce Code;

(4)   a claim related to a consumer transaction, as that term is defined by Section 601.001, Business & Commerce Code, to which a consumer in this state is a party, arising out of a violation of federal or state law; or

(5)   a claim related to the duties and obligations under an insurance policy.

(h)   The business court does not have jurisdiction of the following claims regardless of whether the claim is otherwise within the court's supplemental jurisdiction under Subsection (f):

(1)   a claim arising under Chapter 74, Civil Practice and Remedies Code;

(2)   a claim in which a party seeks recovery of monetary damages for bodily injury or death; or

(3)   a claim of legal malpractice.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.005.   JUDICIAL AUTHORITY.   A business court judge has all powers, duties, immunities, and privileges of a district judge.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.006.   INITIAL FILING; REMOVAL AND REMAND.   (a)   An action within the jurisdiction of the business court may be filed in the business

court. The party filing the action must plead facts to establish venue in a county in a division of the business court, and the business court shall assign the action to that division. Venue may be established as provided by law or, if a written contract specifies a county as venue for the action, as provided by the contract.

(b) If the business court does not have jurisdiction of the action, the court shall, at the option of the party filing the action:

(1) transfer the action to a district court or county court at law in a county of proper venue; or

(2) dismiss the action without prejudice to the party's rights.

(c) If, after an action is assigned to a division of the business court, the court determines that the division's geographic territory does not include a county of proper venue for the action, the court shall:

(1) if an operating division of the court includes a county of proper venue, transfer the action to that division; or

(2) if there is not an operating division of the court that includes a county of proper venue, at the option of the party filing the action, transfer the action to a district court or county court at law in a county of proper venue.

(d) A party to an action filed in a district court or county court at law that is within the jurisdiction of the business court may remove the action to the business court. If the business court does not have jurisdiction of the action, the business court shall remand the action to the court in which the action was originally filed.

(e) A party to an action filed in a district court or county court at law in a county of proper venue that is not within an operating division of the business court or the judge of the court in which the action is filed may not remove or transfer the action to the business court.

(f) A party may file an agreed notice of removal at any time during the pendency of the action. If all parties to the action have not agreed to remove the action, the notice of removal must be filed:

(1) not later than the 30th day after the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the action; or

(2) if an application for temporary injunction is pending on the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the action, not later than the 30th day after the date the application is granted, denied, or denied as a matter of law.

(g)  The notice of removal must be filed with the business court and the court in which the action was originally filed.  On receipt of the notice, the clerk of the court in which the action was originally filed shall immediately transfer the action to the business court in accordance with rules adopted by the supreme court, and the business court clerk shall assign the action to the appropriate division of the business court.

(h)  The filing of an action or a notice of removal in the business court is subject to Section 10.001, Civil Practice and Remedies Code.

(i)  Removal of a case to the business court is not subject to the statutes or rules governing the due order of pleading.

(j)  Removal of a case does not waive a defect in venue or constitute an appearance to determine personal jurisdiction.

(k)  The judge of a court in which an action is filed may request the presiding judge for the court's administrative region to transfer the action to the business court if the action is within the business court's jurisdiction.  The judge shall notify all parties of the transfer request and request a hearing on the transfer request.  After a hearing on the request, the presiding judge may transfer the action to the business court if the presiding judge finds the transfer will facilitate the fair and efficient administration of justice.  The business court clerk shall assign an action transferred under this subsection to the appropriate division of the business court.

(l)  The business court judge on establishment of jurisdiction and venue over an action shall by order declare the county in which any jury trial for the action will be held as determined under Section 25A.015.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.007.  APPEALS.  (a)  Notwithstanding any other law and except as provided by Subsection (b) and in instances when the supreme court has concurrent or exclusive jurisdiction, the Fifteenth Court of Appeals has exclusive jurisdiction over an appeal from an order or judgment of the business court or an original proceeding related to an action or order of the business court.

(b)  If the Fifteenth Court of Appeals is not created, an appeal from an order or judgment of the business court or an original proceeding related to an action or order of the business court shall be filed in the court of appeals with appellate jurisdiction of civil cases for the county declared in an order under Section 25A.006(l).

(c)  The procedure governing an appeal or original proceeding from the business court is the same as the procedure for an appeal or original proceeding from a district court.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.008.  QUALIFICATIONS OF JUDGE.  (a)  A business court judge must:

(1)  be at least 35 years of age;

(2)  be a United States citizen;

(3)  have been a resident of a county within the division of the business court to which the judge is appointed for at least five years before appointment; and

(4)  be a licensed attorney in this state who has 10 or more years of experience in:

(A)  practicing complex civil business litigation;

(B)  practicing business transaction law;

(C)  serving as a judge of a court in this state with civil jurisdiction; or

(D)  any combination of experience described by Paragraphs (A)-(C).

(b)  A business court judge may not have had the judge's license to practice law revoked, suspended, or subject to a probated suspension.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.009.  APPOINTMENT OF JUDGES; TERM; PRESIDING JUDGE; EXCHANGE OF BENCHES.  (a)  The governor, with the advice and consent of the senate, shall appoint:

(1)  two judges to each of the First, Third, Fourth, Eighth, and Eleventh Divisions of the business court; and

(2)  one judge to each of the Second, Fifth, Sixth, Seventh, Ninth, and Tenth Divisions of the business court.

(b)  A business court judge shall serve for a term of two years, beginning on September 1 of every even-numbered year.

(c)  A business court judge may be reappointed.

(d)  Not later than the seventh day after the first day of a term, the business court judges by majority vote shall select a judge of the court to serve as administrative presiding judge for the duration of the term.  If a

vacancy occurs in the position of administrative presiding judge, the remaining business court judges shall select a judge of the court to serve as administrative presiding judge for the remainder of the unexpired term as soon as practicable.

(e) A business court judge shall take the constitutional oath of office required of appointed officers of this state and file the oath with the secretary of state.

(f) To promote the orderly and efficient administration of justice, the business court judges may exchange benches and sit and act for each other in any matter pending before the court.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.010. VACANCY. If a vacancy occurs in an office of a business court judge, the governor, with the advice and consent of the senate, shall appoint, in the same manner as the original appointment, another person to serve for the remainder of the unexpired term.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.011. JUDGE'S SALARY. The salary of a business court judge is the amount provided by Section 659.012 and shall be paid in equal monthly installments.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.012. REMOVAL; DISQUALIFICATION AND RECUSAL. (a) A business court judge may be removed from office in the same manner and for the same reasons as a district judge.

(b) A business court judge is disqualified and subject to mandatory recusal for the same reasons a district judge is subject to disqualification or recusal in a pending case. Disqualification or recusal of a business court judge shall be governed by the same procedure as disqualification or recusal of a district judge.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.

Sec. 25A.013.  PRIVATE PRACTICE OF LAW.  A business court judge shall diligently discharge the duties of the office on a full-time basis and may not engage in the private practice of law.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.014.  VISITING JUDGE.  (a)  A retired or former judge or justice who has the qualifications prescribed by Section 25A.008 may be assigned as a visiting judge of a division of the business court by the chief justice of the supreme court.  A visiting judge of a division of the business court is subject to objection, disqualification, or recusal in the same manner as a retired or former judge or justice is subject to objection, disqualification, or recusal if appointed as a visiting district judge.

(b)  Before accepting an assignment as a visiting judge of a division of the business court, a retired or former judge or justice shall take the constitutional oath of office required of appointed officers of this state and file the oath with the secretary of state.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.015.  JURY PRACTICE AND PROCEDURE; VENUE FOR JURY TRIAL.  (a)  A party in an action pending in the business court has the right to a trial by jury when required by the constitution.

(b)  Subject to Subsection (d), a jury trial in a case filed initially in the business court shall be held in any county in which the case could have been filed under Section 15.002, Civil Practice and Remedies Code, as chosen by the plaintiff.

(c)  Subject to Subsections (b) and (d), a jury trial in a case removed to the business court shall be held in the county in which the action was originally filed.

(d)  A jury trial for a case in which a written contract specifies a county as venue for suits shall be held in that county.

(e)  The parties and the business court judge may agree to hold the jury trial in any other county.  A party may not be required to agree to hold the jury trial in a different county.

(f)  The drawing of jury panels, selection of jurors, and other jury-related practice and procedure in the business court shall be the same as for the district court in the county in which the trial is held.

(g)  Practice, procedure, rules of evidence, issuance of process and writs, and all other matters pertaining to the conduct of trials, hearings, and other business in the business court are governed by the laws and rules prescribed for district courts, unless otherwise provided by this chapter.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.016.  WRITTEN OPINIONS.  The supreme court shall adopt rules for the issuance of written opinions by the business court.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.017.  COURT LOCATION; STAFFING.  (a)  In this section, "remote proceeding" means a proceeding before the business court in which one or more of the participants, including a judge, party, attorney, witness, court reporter, or other individual attends the proceeding remotely through the use of technology.

(b)  The administrative presiding judge of the business court shall manage administrative and personnel matters on behalf of the court.  The administrative presiding judge of the business court shall appoint a clerk, whose office shall be located in Travis County in facilities provided by this state.  The clerk shall:

(1)  accept all filings in the business court; and

(2)  fulfill the legal and administrative functions of a district clerk.

(c)  Each business court judge shall maintain chambers in the county the judge selects within the geographic boundaries of the division to which the judge is appointed in facilities provided by this state.  For purposes of this section, the Office of Court Administration of the Texas Judicial System may contract for the use of facilities with a county.

(d)  Subject to Section 25A.015, a business court judge may hold court at any courtroom within the geographic boundaries of the division to which the judge is appointed as the court determines necessary or convenient for a particular civil action.  To the extent practicable, a county using existing courtrooms and facilities shall accommodate the business court in the conduct of the court's hearings and other proceedings.

(e)  The business court may conduct a proceeding other than a jury trial as a remote proceeding to facilitate the resolution of a matter before the court.  The business court may not require a party or attorney

to remotely attend a court proceeding in which oral testimony is heard, absent the agreement of the parties.

(f)  The business court shall conduct a remote proceeding from a courtroom or the facilities provided to a business court judge by this state.

(g)  The business court shall provide reasonable notice to the public that a proceeding will be conducted remotely and an opportunity for the public to observe the remote proceeding.

(h)  In a county in which a division of the business court sits, the sheriff shall in person or by deputy attend the business court as required by the court.  The sheriff or deputy is entitled to reimbursement from this state for the cost of attending the business court.

(i)  The business court may appoint personnel necessary for the operation of the court, including:

(1)  personnel to assist the clerk of the court;

(2)  staff attorneys for the court;

(3)  staff attorneys for each judge of the business court;

(4)  court coordinators; and

(5)  administrative assistants.

(j)  Subject to Subsection (k), the court officials shall perform the duties and responsibilities of their offices and are entitled to the compensation, fees, and allowances prescribed by law for the offices.

(k)  All personnel, including the business court clerk, appointed under this section are employees of the Office of Court Administration of the Texas Judicial System and are state employees for all purposes, including accrual of leave time, insurance benefits, retirement benefits, and travel regulations.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.0171.  ADMINISTRATIVE ATTACHMENT TO OFFICE OF COURT ADMINISTRATION; REPORT.  (a)  The business court is administratively attached to the Office of Court Administration of the Texas Judicial System.

(b)  The Office of Court Administration of the Texas Judicial System shall provide administrative support to the business court as necessary to enable the business court to carry out its duties under this chapter.

(c)  The Office of Court Administration of the Texas Judicial System may employ personnel necessary to provide administrative support to the business court under this chapter.

(d)  Only the business court may exercise the duties of the business court under this chapter.  Except as otherwise provided by this chapter, the Office of Court Administration of the Texas Judicial System does not have any authority or responsibility related to the duties of the business court under this chapter.

(e)  Not later than December 1 of each year, the Office of Court Administration of the Texas Judicial System shall submit to the legislature a report on the number and types of cases heard by the business court in the preceding year.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.018.  FEES.  The supreme court shall set fees for filings and actions in the business court in amounts sufficient to cover the costs of administering this chapter, taking into account fee waivers necessary for the interest of justice.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.019.  SEAL.  The seal of the business court is the same as that provided by law for a district court except that the seal must contain the name "The Business Court of Texas."

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.020.  RULES.  (a)  The supreme court shall adopt rules of civil procedure as the court determines necessary, including rules providing for:

(1)  the timely and efficient removal and remand of cases to and from the business court; and

(2)  the assignment of cases to judges of the business court.

(b)  The business court may adopt rules of practice and procedure consistent with the Texas Rules of Civil Procedure and the Texas Rules of Evidence.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gina Pegues on behalf of Elizabeth Bloch
Bar No. 2495500
Peguesg@gtlaw.com
Envelope ID: 98534339
Filing Code Description: Sworn Record
Filing Description: Relators' Sworn Mandamus Record
Status as of 3/17/2025 3:58 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Hon. Sofia Adrogué | | BCDivision11A@txcourts.gov | 3/17/2025 1:54:30 PM | SENT |
| Andrew Bender | 24084290 | abender@andrewsmyers.com | 3/17/2025 1:54:30 PM | SENT |
| Sharon McCally | | smccally@andrewsmyers.com | 3/17/2025 1:54:30 PM | SENT |
| Emily Miller | 24079527 | emiller@andrewsmyers.com | 3/17/2025 1:54:30 PM | SENT |
| Hunter Barrow | 24025240 | hbarrow@andrewsmyers.com | 3/17/2025 1:54:30 PM | SENT |
| Stephanie Sanchez | | Stephanie.Sanchez@gtlaw.com | 3/17/2025 1:54:30 PM | SENT |
| Elizabeth G. "Heidi"Bloch | | blochh@gtlaw.com | 3/17/2025 1:54:30 PM | SENT |
| Roland Garcia | | garciar@gtlaw.com | 3/17/2025 1:54:30 PM | SENT |
| Paul Stibbe | | paul.stibbe@gtlaw.com | 3/17/2025 1:54:30 PM | SENT |